Arletta SCHROEDER, Appellee,

v.

William J. FULLER and George W. Ellis, Individually, d/b/a Fuller and Ellis Pool Hall, Appellants.

No. 83–1302.

Supreme Court of Iowa.

Sept. 19, 1984.

James Q. Blomgren and Jeanne K. Johnson of Clements, Blomgren & Pothoven, Oskaloosa, for appellants.

Greg A. Life, Oskaloosa, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, CARTER and WOLLE, JJ.

McCORMICK, Justice.

We granted interlocutory review to address a question of first impression in Iowa under our summary judgment rules. The question concerns the authority of a trial court to consider an affidavit filed by the party resisting summary judgment later than the time of filing provided in Iowa Rule of Civil Procedure 237(c). We hold that the court has discretion to consider a late affidavit and that the court's discretion was not abused in considering an affidavit filed one-half hour before the hearing in this case. We also uphold the court's order denying summary judgment.

The present question of interpretation of rule 237(c) was raised but not reached in *Northwestern National Bank of Sioux City v. Steinbeck*, 179 N.W.2d 471, 477 (Iowa 1970). Rule 237(c) provides in rele-vant part that, "The adverse party prior to the date of hearing may file opposing affidavits." At issue here is whether failure to comply with this provision bars consideration of the untimely affidavit.

Plaintiff Arletta Schroeder alleges she sustained damages when she fell over some material or equipment on the sidewalk in front of a building owned and occupied by defendants William J. Fuller and George V. Ellis, d/b/a Fuller and Ellis Pool Hall. She sued a construction company doing remodeling work on the premises as well as Fuller and Ellis, asserting a negligence theory based on failure to keep the sidewalk free of obstructions, failure to provide safeguards, and failure to warn. Fuller and Ellis filed a motion for summary judgment based on admissions by the construction company and an affidavit by Fuller. They alleged the construction company was an independent contractor and they had no control of the work or materials.

The trial court set the hearing on the motion for summary judgment at 1:30 p.m. on September 26, 1983. At approximately one-half hour before the time of hearing, plaintiff filed her resistance to the motion accompanied by her affidavit.

Defendants did not make a record of their objection to the affidavit or the court's ruling on their objection. We will nevertheless assume for purposes of this appeal that they made an objection and that it was overruled. It is obvious that the trial court relied heavily on plaintiff's affidavit in denying the motion. In material part, the court said:

Plaintiff in her affidavit in resistance recites that there were no warning signs, barricades, or fences to prevent the public from crossing in front of the pool hall in question. She recites that before attempting to cross the construction area, she inquired of an individual whom she believed to be the owner if it was safe for her to walk through the area. She was advised that it was.

Plaintiff both in her petition and in her affidavit in resistance has stated a cause

of action against defendants Fuller and Ellis.

Defendants contend the court erred in considering the affidavit.

■ The time constraint in rule 237(c) must be read with rule 83(a), which concerns enlargement of time. In relevant part, rule 83(a) provides:

> When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under R.C.P. 241, 243 and 244, except to the extent and under the conditions stated in them.

In the circumstances of the present case, therefore, the trial court had discretion to permit the late filing of the affidavit upon motion by plaintiff and a showing of excusable neglect.

Our interpretation of rule 237(c) in conjunction with rule 83(a) is consistent with federal court interpretations of the federal rules upon which the Iowa rules are patterned. Federal Rule of Civil Procedure 56(c) contains the same affidavit time constraint as rule 237(c), and federal rule 6(b) is similar to our rule 83(a). The federal courts have held that under these rules the admissibility of a late affidavit "is solely within the court's discretion." *Dudo v. Schaffer*, 93 F.R.D. 524, 528 (E.D.Pa.1982). *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1519 (9th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387–88 (11th Cir.1981); *Farina v. Mission Investment Trust*, 615 F.2d 1068, 1076 (5th Cir.1980); *Woods v. Allied Concord Financial Corp.*, 373 F.2d 733, 734

(5th Cir.1967); *Beaufort Concrete Co. v. Atlantic States Construction Co.*, 352 F.2d 460, 462–63 (5th Cir.1965), *cert. denied*, 384 U.S. 1004, 86 S.Ct. 1908, 16 L.Ed.2d 1018 (1966). The court has discretion to refuse to consider an untimely affidavit or to consider it, based on the circumstances in a particular case.

■ Without any record of the summary judgment hearing we have no way to determine in this case whether the trial court abused its discretion. It is the burden of the party seeking reversal to provide a record demonstrating error. *See Turner v. Jones*, 215 N.W.2d 289, 291 (Iowa 1974). Here defendants have not carried their burden to show the trial court abused its discretion in considering plaintiff's untimely affidavit.

■ Defendants alternatively contend that even with plaintiff's affidavit the record shows no genuine issue of material fact in plaintiff's action against them. They argue that plaintiff's affidavit contains no allegations of fact admissible in evidence to controvert their otherwise uncontradicted showing that the contractor had exclusive control of the construction project.

We find two flaws in defendants' argument. First, the relevant issue is control of the premises on which the accident occurred, not merely control of the construction activity and materials. Defendants Fuller and Ellis continued to operate their business on the premises during the period of construction. The contractor's admissions and Fuller's affidavit do not negate the existence of a genuine issue of material fact concerning their control of the sidewalk in front of their premises. Second, plaintiff's affidavit supports a reasonable inference that defendants or someone acting for them actually advised plaintiff she could safely use the sidewalk.

On the merits, we agree with the trial court that defendants failed to demonstrate the absence of a genuine issue of material

fact. The court did not err in overruling their motion for summary judgment.

AFFIRMED.