STATE of Iowa, Appellee,

v.

James Roger HENZE, Appellant.

No. 83–1549.

Supreme Court of Iowa.

Oct. 17, 1984.

Gary J. Boveia, Waverly, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and Paul W. Riffel, County Atty., for appellee.

McGIVERIN, Justice.

Defendant James Roger Henze appeals from his conviction for operating a motor vehicle while intoxicated (OWI), first offense, in violation of Iowa Code section 321.281 (1983). Defendant contends that the trial court erred in restricting the testimony of a doctor called as a defense witness. We reverse and remand for a new trial.

Shortly after defendant was arrested for OWI on November 26, 1982, police officers took him to a hospital emergency room so that a doctor could determine whether he was in a condition to tolerate overnight confinement at the Waverly police station. The doctor, Michael Berstler, made a brief examination of defendant and concluded that he probably could tolerate such confinement. Dr. Berstler had never seen defendant previously.

Sometime later, but before defendant's trial in September 1983, Dr. Berstler reviewed defendant's medical records. These records had been prepared by other doctors, members of the same medical clinic as Dr. Berstler. Those other doctors had seen and treated defendant as a patient at various times before his November 26 arrest. The records allegedly showed long-term use of Valium by defendant and repeated diagnoses of anxiety neurosis and depression.

At trial, defendant denied that he had been intoxicated at the time of his arrest. In support of this defense, he offered expert testimony by Dr. Berstler.

As shown by defendant's offer of proof, Dr. Berstler was prepared to testify, relying partly on his observation of defendant on the night of his arrest and partly on his later review of defendant's medical records, that defendant's appearance and behavior at the time of his arrest on November 26 did not require a conclusion that he was intoxicated but instead could be explained by his history of anxiety neurosis, depression, and Valium use. The State objected to Dr. Berstler's use of defendant's medical records as a basis for his testimony, contending that the records were hearsay. The trial court sustained the objection and allowed Dr. Berstler to base his testimony only on those matters that he had personally observed on the night of defendant's arrest.

Based on those observations, Dr. Berstler testified before the jury that he was unable to form an opinion as to whether defendant was intoxicated on the night of his arrest. Dr. Berstler was not allowed to supplement his opinion testimony by using knowledge gained from his reading at a later date of defendant's medical records made by other doctors.

After conviction and sentence for OWI, defendant appealed.

■ As noted above, the State objected to that part of Dr. Berstler's opinion that was based on his review of defendant's medical records on the grounds that the records were hearsay. Section 801(c) of the Iowa Rules of Evidence, which became effective July 1, 1983, defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." By this definition, defendant's medical records were hearsay, because they were statements about his physical and mental condition, not made by Dr. Berstler, and offered to show that such physical and mental conditions actually existed and may have affected defendant's actions on November 26.

Under Iowa R.Evid. 802, hearsay is not admissible except as provided by constitution, statute, or rule. The trial court's ruling excluding the proffered testimony as hearsay, therefore, was not error unless the record shows that the testimony was admissible under some provision of law despite its reliance on hearsay.

Defendant contended at trial and again here on appeal that the proffered testimony was admissible under Iowa R.Evid. 703, which states:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the trial or hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

We agree with defendant. We believe that rule 703 would allow an expert's opinion to be based on hearsay if the provisions of the rule are satisfied.

In this case the facts or data upon which Dr. Berstler was in part basing his proffered testimony were defendant's medical records, which were made known to Dr. Berstler before the trial. Although the records were hearsay, rule 703 will permit Dr. Berstler's opinion testimony based on them if the records are facts or data of a type reasonably relied upon by doctors in forming opinions.

The evidentiary record shows that the medical records in question were prepared by other doctors at the medical clinic where Dr. Berstler practiced. We may and do hereby judicially notice the fact that doctors customarily rely on medical records prepared by other doctors in forming opinions about their patients' conditions.[1] *See United States v. Lawson*, 653 F.2d 299, 302 n. 7 (7th Cir.1981); *State v. Davis*, 269 N.W.2d 434, 440–41 (Iowa 1978); *Miller v. McCoy Truck Lines*, 243 Iowa 483, 488, 52 N.W.2d 62, 65 (1952); Fed.R.Evid. 703 advisory committee note.

We conclude, therefore, that Dr. Berstler's proffered testimony was admissible under rule 703 and the hearsay objection was not tenable. The trial court erred in excluding the testimony on hearsay grounds.

When error is found, prejudice is presumed unless the contrary is affirmatively established. *Lewis v. Kennison*, 278 N.W.2d 12, 15 (Iowa 1979). The record in this case does not overcome the presumption of prejudice to the defendant. The case is reversed and remanded for a new trial.

REVERSED AND REMANDED.

All justices concur except WOLLE and CARTER, JJ., who dissent.

WOLLE, Justice (dissenting).

In my view the record does not satisfactorily demonstrate the admissibility of the proffered medical testimony.

Defendant was the proponent of Dr. Berstler's opinion testimony. When the trial court refused to admit a portion of that testimony, defendant had the burden to demonstrate the substance of that evidence by an offer of proof. Iowa R.Evid. 103(a)(2). Because defendant was relying on Iowa Rule of Evidence 703 to avoid the State's hearsay objection, defendant also had the obligation to show that the proffered evidence satisfied each of the requirements of that rule. Pertinent here, defendant was required to show precisely what medical records Dr. Berstler wished to use as a basis for his opinion. Defendant was further required to prove that those specific medical reports were "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Iowa R.Evid. 703. Finally, defendant should have had the trial court make a preliminary factual determination that the hearsay medical records were of that type.

> Preliminary questions concerning ... the admissibility of evidence shall be determined by the court.... In making its determination it is not bound by the rules of evidence except those with respect to privileges.

Iowa R.Evid. 104(a); *see* 3 J. Weinstein & M. Beyer, Weinstein's Evidence ¶ 703[01], at 703–4 (1982) ("In situations falling within the second sentence, the trial judge in his discretion will have to determine whether the facts or data could be reasonably relied upon."). The State would also have had the opportunity to present evidence before the judge made that preliminary factual determination.

Defendant made an offer of proof, but I believe it was inadequate. The offer of proof did not disclose when the hearsay medical records were prepared, what were

---

1. Iowa R.Evid. 201 has no bearing on this taking of judicial notice, inasmuch as the fact here noticed is of a "legislative" rather than an "adjudicative" nature. *See* Iowa R.Evid. 201(a); Fed. R.Evid. 201 advisory committee note. Professor Kenneth Culp Davis, the originator of this terminology, has said:

> adjudicative facts are those to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their business.

Davis, *Judicial Notice*, 55 Colum.L.Rev. 945, 952 (1955). Legislative facts are

> those which help the tribunal to determine the content of law and policy and to exercise its judgment or discretion in determining what course of action to take. Legislative facts are ordinarily general and do not concern [only] the immediate parties.

*Id.* For further discussion of these concepts, see also 10 J. Moore & H. Bendix, *Moore's Federal Practice* § 201.10; 1 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 200[03].

the specific circumstances surrounding their preparation, or what was their specific content. More importantly, Dr. Berstler did not say, and no other evidence suggests, that the specific medical records on which he was basing his opinion were of the type usually relied upon by medical experts in forming the specific type of opinion defendant wished Dr. Berstler to present to the jury.

I do not doubt that medical doctors often rely upon medical records prepared by other persons in forming their own opinions or drawing some kinds of inferences. I am unwilling to stretch that general observation into a judicially noticed fact that would satisfy rule 703 whenever a medical doctor wishes to give opinion testimony based in part on another doctor's medical records, regardless of the type of record, type of medical specialty, and type of opinion or inference to be drawn. The admissibility of opinion testimony based on hearsay should depend on the circumstances of each specific case, not on judicial notice of what doctors routinely rely upon in general.

The party seeking reversal has the burden to provide a record demonstrating error. *Schroeder v. Fuller*, 354 N.W.2d 780 (Iowa 1984). Defendant has not provided us with a record showing that the proffered opinion testimony of Dr. Berstler, which was based in large measure on the hearsay records of others, satisfied the prerequisites of rule 703. I would uphold the trial court's evidentiary ruling and affirm defendant's conviction of OWI, first offense.

CARTER, J., joins this dissent.