# IN THE SUPREME COURT OF IOWA

No. 12–1515

Filed October 11, 2013

**JOSHUA N. THOMAS,**

Appellant,

vs.

**OFFICERS TIM GAVIN, CHUCK TYGART, JESS BERNHARD,** and
**ADAM OLSON; DEPUTY SHERIFF LUKE HRUBY; RESERVE DEPUTY
SHERIFF JOSHUA GERSTEN;** the **CITY OF NORTH LIBERTY,
IOWA;** and **JOHNSON COUNTY, IOWA,**

Appellees.

Appeal from the Iowa District Court for Johnson County, Paul D. Miller, Judge.

Plaintiff appeals from the district court's grant of summary judgment to two municipalities and their law enforcement officers based on an immunity in the Iowa Tort Claims Act. **REVERSED AND REMANDED**.

Mary K. Pilcher Hayek of Kennedy, Cruise, Frey & Gelner, L.L.P., Iowa City, and Martin A. Diaz and Elizabeth J. Craig of Martin Diaz Law Firm, Iowa City, for appellant.

Terry J. Abernathy and Stephanie L. Hinz of Pickens, Barnes & Abernathy, Cedar Rapids, for appellees Gavin, Tygart, Bernhard, Olson, and the City of North Liberty.

Andrew B. Chappell and Susan D. Nehring, Assistant County Attorneys, for appellees Hruby, Gersten, and Johnson County.

**MANSFIELD, Justice**.

While attending North Liberty Fun Days in 2007, the plaintiff alleges he was wrongfully assaulted and arrested by officers of the North Liberty Police Department and deputies of the Johnson County Sheriff's Office. He filed suit against the City of North Liberty, Johnson County, and the officers and deputies involved. The district court dismissed his case, finding the defendants were entitled to immunity based on Iowa Code chapter 669. The district court reasoned that the defendants were enforcing the criminal laws of Iowa and therefore acting on behalf of the state in an official capacity, and that the plaintiff's claims for assault, battery, false arrest, and malicious prosecution were outside the scope of permissible claims under the Iowa Tort Claims Act (ITCA). *See* Iowa Code §§ 669.2(3), (4), 669.14(4) (2007). The plaintiff appealed.

Upon our review, we now reach a different conclusion from the district court as to the defendants' immunity from suit. We hold that any immunity conferred by Iowa Code chapter 669, the ITCA, does not protect these county and municipal officials from being sued under the Iowa Municipal Tort Claims Act (IMTCA), Iowa Code chapter 670. The IMTCA, in turn, does not bar claims for assault, battery, false arrest, and malicious prosecution. Accordingly, we reverse the judgment below and remand for further proceedings.

## I. Facts and Procedural Background.

Plaintiff Joshua Thomas was attending a concert at North Liberty Fun Days on June 9, 2007. Late that evening, a fight broke out, and Thomas alleges that he intervened to try to break it up. Several law enforcement officers grabbed Thomas. They used Tasers on Thomas, handcuffed him, and arrested him. Thomas alleges that the Taser

deployments were unnecessary and caused him ongoing pain and muscle and ligament damage.

Although Thomas was criminally charged with disorderly conduct and interference with official acts, the former charge was dropped before trial, and he was acquitted of the latter charge.

On May 15, 2009, Thomas brought suit against North Liberty police officers Tim Gavin, Chuck Tygart, Jess Bernhard, and Adam Olson and Johnson County sheriff's deputies Luke Hruby and Joshua Gersten, as well as the City of North Liberty and Johnson County. He alleged common law claims of assault, battery, false arrest, and malicious prosecution.

The defendants moved for summary judgment.[1] They argued that although the individual defendants do not receive their paychecks from the State of Iowa, they are nonetheless "employees of the state" for purposes of the ITCA. *See* Iowa Code § 669.2(4). They further argued that section 669.14(4) of the Act, which excludes any claim arising out of assault, battery, false arrest, and malicious prosecution, barred Thomas's action.

Thomas resisted the motions on both factual and legal grounds. Factually, he disputed that the defendants were acting to enforce the laws of Iowa at the time the alleged torts were committed. Legally, he maintained the defendants had failed to account for Iowa Code chapter 670, the IMTCA, which applies to political subdivisions and their employees and does not have an exclusion for assault, battery, false arrest, or malicious prosecution claims.

---

[1]The city defendants and the county defendants have been separately represented throughout this litigation. Thus, separate motions were filed on behalf of North Liberty and its police officers and on behalf of Johnson County and its deputies.

The district court originally denied the defendants' motions for factual reasons. It explained, "[T]he Court concludes there is a genuine issue of material fact as to whether any or all Defendants were acting to detain Plaintiff and enforce the law at the time Plaintiff sustained his alleged injuries."

However, on the eve of trial, the district court reconsidered its prior ruling and granted the defendants' motions. Addressing the facts first, the court explained:

> The Court felt, and all parties agreed, that the applicability of Iowa Code Chapter 669 to this case was a legal question for the Court to determine prior to trial, and that no additional factual record (other than filings already in the court file) was necessary for this determination.
>
> . . . .
>
> The following factual background is either stipulated to by Plaintiff or undisputed:
>
> 1. Plaintiff's claims stem from his involvement in an alleged intervention in and/or participation in a fight in North Liberty, Iowa.
>
> 2. Johnson County Deputy Hruby, Reserve Deputy Sheriff Gersten, City of North Liberty Police Officers Gavin, Tygart, Bernhard and Olson were all on duty as peace officers that evening.
>
> 3. All of the Defendants are sworn peace officers who have a duty to enforce the criminal laws of the State of Iowa.
>
> 4. All of the Defendants were generally involved (to a greater or lesser degree) in attempting to detain Thomas and ultimately arrest him for violations of Iowa Code Section 719.1, Interference with Official Acts, and Iowa Code Section 723.4, Disorderly Conduct.
>
> 5. The Defendants' actions while on duty that evening involved enforcing the laws of the State of Iowa, and the charges filed against Thomas were for violating state law and were brought and prosecuted in the

> name of the State of Iowa. See Johnson County Court file SMSM069153—State of Iowa vs. Joshua Thomas.

(footnote omitted).

The district court went on to adopt the central legal premise of the defendants' motions. It found that the individual defendants were "employees of the state" for purposes of the ITCA, that Thomas's claims were "claims" within the scope of the Act, and that "Iowa Code Section 669.14(4) preserves the State's sovereign immunity with respect to any claim arising out of assault, battery, false arrest, and malicious prosecution." Thus, it concluded both the city and the county defendants were immune from suit. The court added:

> I also note that to hold otherwise would present the incongruous situation of an Iowa State Highway Patrol Officer and a County Deputy Sheriff (and/or a City Police Officer) jointly undertaking to arrest a criminal suspect in the enforcement of the State of Iowa's criminal laws but which would then allow the arrestee to bring suit for false arrest against the County Deputy Sheriff but bar a similar claim against the Iowa State Highway Patrol Officer even though the physical acts of the officers involved were the same in enforcing the [S]tate of Iowa's criminal code and effectuating the arrest.

Thomas appeals the district court's grant of summary judgment.

**II.  Standard of Review.**

We review a district court's ruling on summary judgment for correction of errors of law. *Office of Citizens' Aide/Ombudsman v. Edwards*, 825 N.W.2d 8, 14 (Iowa 2012). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3).

### III.  Legal Analysis.

**A.  Background on the Relevant Statutes**.  This case requires us to consider the interaction between chapter 669—the ITCA—and chapter 670—the IMTCA—of the Iowa Code.  The ITCA was enacted in 1965.  *See* 1965 Iowa Acts ch. 79.  The IMTCA became law in 1967.  *See* 1967 Iowa Acts ch. 405.

Both statutes are viewed as abolishing traditional common law immunities.  *See* Don R. Bennett, *Handling Tort Claims and Suits Against the State of Iowa: Part I*, 17 Drake L. Rev. 189, 189 (1968) ("Prior to passage of the Iowa Tort Claims Act in 1965, the maxim that 'the King can do no wrong' prevailed in Iowa."); Terrence A. Hopkins, *Municipal Tort Liability in Iowa*, 31 Drake L. Rev. 855, 855 (1982) (noting that the IMTCA "abolished the doctrine of governmental immunity in Iowa and created a cause of action against municipalities which was unknown at common law").  It should be noted, however, that historically municipal employees could be sued in their individual capacities for torts they had committed and were not protected by sovereign or governmental immunity.  *See Vermeer v. Sneller*, 190 N.W.2d 389, 392 (Iowa 1971); *Anderson v. Calamus Cmty. Sch. Dist.*, 174 N.W.2d 643, 644 (Iowa 1970).

The ITCA defines "claim" as any claim against the state of Iowa or an employee of the state for money only "caused by the negligent or wrongful act or omission of any employee of the state while acting within the scope of the employee's office or employment."  Iowa Code § 669.2(3).  Section 669.2(4) defines "employee of the state" to include "officers, agents, or employees of the state . . ., including . . . persons acting on behalf of the state  .  .  .  in any official capacity, temporarily or permanently in the service of the state of Iowa."  Several sections of the

ITCA provide mechanisms for resolving and paying "claims" as defined in the Act. *See* Iowa Code §§ 669.3–669.11.

Section 669.14 contains a list of exemptions from the ITCA. It states that "[t]he provisions of this chapter shall not apply with respect to any claim against the state" in fourteen listed categories. Iowa Code § 669.14. The fourth category is "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *Id.* § 669.14(4).

The year after the legislature enacted the ITCA, this court upheld its constitutionality in *Graham v. Worthington. See* 259 Iowa 845, 146 N.W.2d 626 (1966). *Graham* specifically rejected the plaintiff's contention that the ITCA covered political subdivisions of the state and their officers, agents, and employees:

> We are satisfied political subdivisions such as cities, school districts and counties are neither agencies of the state nor corporations as those terms are employed and defined in the Act, and are not included within its clear intent and purpose.
>
> Surely the officers, agents and employees of political subdivisions are not officers, agents and employees of the state while acting within the scope of their office or employment.

*Id.* at 854, 146 N.W.2d at 633 (emphasis omitted).

The general assembly passed the IMTCA the following year. In its current form, the Act states, "Except as otherwise provided in this chapter, every municipality is subject to liability for its torts and those of its officers and employees, acting within the scope of their employment or duties. . . ." Iowa Code § 670.2. "Municipality" includes any city or county. *Id.* § 670.1(2). The Act also requires governing bodies of municipalities to defend, hold harmless, and indemnify municipal

officers and employees from any claims "arising out of an alleged act or omission occurring within the scope of their employment or duties," except for punitive damage awards. *Id.* § 670.8(1).

The Act further provides that "[t]he remedy . . . provided by section 670.2 shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the officer, employee or agent whose act or omission gave rise to the claim. . . ." *Id.* § 670.4. Additionally, the Act provides that "[t]he liability imposed by section 670.2 shall have no application to" an enumerated list of exceptions. *Id.* Section 670.12 makes clear that municipal officers and employees are not personally liable for these excepted claims, except for punitive damage claims. However, there is no counterpart in section 670.4 to the ITCA's exception for claims based on assault, battery, false arrest, or malicious prosecution. *Id.* § 670.4(1)–(15). Still, there is an exception in the IMTCA for any claim against a municipality "where the action based upon such claim has been barred or abated by operation of statute." *Id.* § 670.4(4).

Originally, the exclusivity clause in the IMTCA applied only when the officer or employee was enforcing a local ordinance or regulation. Thus, as first enacted, the Act provided:

> The remedy against the municipality provided by section two (2) of this Act for injury or loss of property or personal injury or death resulting from any act or omission of an officer or employee in the execution of a statute or ordinance, or officially adopted resolution, rule or regulation of a governing body[2] while acting in the scope of his office or employment shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter

---

[2]A "governing body" was—and still is—defined to include the governing body of a city or county, but not the state. 1967 Iowa Acts ch. 405 § 1(2); Iowa Code § 670.1(1).

against the officer or employee whose act or omission gave rise to the claim. . . .

*See* 1967 Iowa Acts ch. 405 § 4(4) (footnote added). However, after this court made clear that the IMTCA did not affect an injured party's preexisting common law right to sue a local official in his or her individual capacity without going through the Act, *see Vermeer*, 190 N.W.2d at 392; *Anderson,* 174 N.W.2d at 644, the general assembly expanded this exclusivity provision in 1974 by eliminating the requirement that the claim be based upon local law. *See* 1974 Iowa Acts ch. 1263, § 4. The provision now reads:

> The remedy against the municipality provided by section 670.2 shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the officer, employee or agent whose act or omission gave rise to the claim. . . .

Iowa Code § 670.4.

**B. The Parties' Arguments on Appeal**. Thomas's position on appeal is that chapter 670 authorizes his claim and has no exception for the common law torts that he pled. The defendants maintain, on the other hand, that chapter 669 and chapter 670 are not mutually exclusive. That is, a local law enforcement officer executing the laws of Iowa can be both a municipal employee and a state employee, because when enforcing the state's criminal laws he or she is acting on behalf of the state in an official capacity. *See id.* § 669.2(4). And, their argument continues, local law enforcement when acting to enforce state criminal law is entitled to the ITCA exemptions. These exemptions include the section 669.14(4) exemption for claims based on assault, battery, false arrest, and malicious prosecution.

**C. Analysis of the Statutory Language**. We begin by considering the wording of the relevant statutes as applied to the present case. "Our

goal, when interpreting a statute, is to give effect to the intent of the legislature." *Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 197 (Iowa 2010). "To determine the intent of the legislature, we look first to the words of the statute itself as well as the context of the language at issue." *Id.*

The defendants do not dispute they are municipalities and employees of municipalities and that the defendant employees were acting within the scope of their employment or duties. Thus, upon a first reading of section 670.2, it would appear the city and the county should be liable for any torts committed by their respective employees subject only to any exemptions in chapter 670. Section 670.2 is an express imposition of liability. *See* Iowa Code § 670.2 ("Except as otherwise provided in this chapter, every municipality is subject to liability. . . ."); *see also Jahnke v. Inc. City of Des Moines*, 191 N.W.2d 780, 783 (Iowa 1971) ("[T]he effect of this language was to remove the defense of governmental immunity from the commission of all torts except as limited by [current section 670.4]. . . .").

The only potentially applicable exceptions to liability within chapter 670 are found in section 670.4. Among other things, this section exempts "[a]ny claim against a municipality as to which the municipality is immune from liability by the provisions of any other statute or where the action based upon such claim has been barred or abated by operation of statute or rule of civil procedure." Iowa Code § 670.4(4). In theory, one might argue that section 670.4(4) incorporates the exceptions to liability in section 669.14.

Given the statutory language in section 669.14, however, there is a problem with this argument. Section 669.14(4) states that "this chapter shall not apply" to the common law claims alleged by Thomas. *See id.*

§ 669.14(4). Yet nothing in section 669.14(4) indicates that chapter 670, *a separate chapter*, is unavailable for such claims. *See id.* Section 669.14 is not worded as an all-encompassing barrier to liability, only as a bar to liability under chapter 669.

Furthermore, contrary to the defendants' overall position in this case, chapter 670 states that it is mutually exclusive of other remedies, whether the local official is enforcing local law or not. *See id.* § 670.4. Ever since the 1974 amendment, section 670.4 has provided,

> The remedy against the municipality provided by section 670.2 shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the officer, employee or agent whose act or omission gave rise to the claim . . . .

(The legislature removed the limitation to local law in 1974.) *See* Iowa Code § 670.4; 1974 Iowa Acts ch. 1263, § 4. If the chapter 669 and 670 remedies are exclusive of each other, it would logically follow that each chapter's exceptions to those remedies also should be exclusive.

It is true that notwithstanding the exclusivity provision, we did hold in *Nelson v. Steiner* that an injured party could sue *both* the municipality *and* the municipal employee for a particular tort committed by the employee. 262 N.W.2d 579, 581–82 (Iowa 1978). As we noted, since the Act expressly requires local governments to defend and indemnify these employees, *see* Iowa Code § 670.8, it would be illogical to conclude that another provision of the Act forbid them from being sued. *Nelson*, 262 N.W.2d at 582. Still, we did not suggest an injured party could proceed against a municipal employee outside the framework of chapter 670. *See id.*

In addition, section 670.12 states that local officers and employees are not personally liable for "claims which are exempted under section

670.4, except claims for punitive damages, and actions permitted under section 85.20 [workers' compensation]." Iowa Code § 670.12. This provision essentially dates from 1982. *See* 1982 Iowa Acts ch. 1018, § 1. At that time, the general assembly added an exemption for punitive damage claims to the IMTCA but also preserved certain punitive damage claims against municipal employees. *Id.* ch. 1018, §§ 1, 5.

Reading section 670.12, it seems reasonable to conclude that the available exemptions from tort liability for local officials are identical to the section 670.4 exemptions for municipalities, except as otherwise stated. If the legislature intended local officials to have the benefit of *other* exemptions, such as those in chapter 669, it is striking that the 1982 legislation did not mention them. This is known as the principle of "expressio unius est exclusio alterius." *See Rolfe State Bank v. Gunderson,* 794 N.W.2d 561, 568 (Iowa 2011) (applying this principle).

One further point: The IMTCA exempts from liability claims when the municipal employee or officer exercised due care "in the execution of a statute." Iowa Code § 670.4(3). The ITCA similarly exempts the exercise of due care "in the execution of a statute." *Id.* § 669.14(1). But if municipal officials were already shielded by the ITCA's exemptions when implementing state law, then section 670.4(3)'s corresponding immunity for due care in implementing state law would be unnecessary. Normally we do not interpret statutes so they contain surplusage. *See Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 520 (Iowa 2012).

In sum, we are unaware of any statutory language that actually makes section 669.14(4) applicable to claims under chapter 670, even when a city police officer or a county sheriff's deputy is enforcing state law. Also, from the way sections 670.4 and 670.12 are worded, it appears that chapter 670's remedies and exemptions are basically

exclusive as to municipalities and their employees, regardless again of the law being enforced.

**D. Review of Precedent**. We now turn to caselaw. As we have already pointed out, as long ago as 1966, we held in *Graham* that the ITCA did not apply to employees of cities and counties. *Graham*, 259 Iowa at 854, 146 N.W.2d at 633. The defendants characterize that as dictum, but they are incorrect. One of the constitutional challenges raised in *Graham* was based on article III, section 29 of the Iowa Constitution. *Id.* at 851–52, 146 N.W.2d at 631–32.[3] The plaintiff asserted that the ITCA was unconstitutional because it subjected the state to liability for torts committed by "all political subdivisions" of the state although the title of the Act only referred to claims against the state. *Id.* at 851, 146 N.W.2d at 631. We concluded otherwise, finding that cities and counties and their employees were not covered. *Id.* at 853–54, 146 N.W.2d at 632–33. This determination was a necessary part of our decision to reject the plaintiff's constitutional claim. *See id.* at 853–55, 146 N.W.2d at 632–33.

We then repeated our *Graham* statements shortly after the IMTCA was enacted. *See Strong v. Town of Lansing*, 179 N.W.2d 365, 366–67 (Iowa 1970) (quoting *Graham* with approval).

Additionally, we have said on more than one occasion that chapter 670 is the exclusive remedy for persons who have tort claims against municipalities and their employees. *See Rucker v. Humboldt Cmty. Sch. Dist.*, 737 N.W.2d 292, 293 (Iowa 2007) ("Iowa Code chapter 670 is the exclusive remedy for torts against municipalities and their employees.");

---

[3]Article III, section 29 provides: "Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title." Iowa Const. art. III, § 29.

*Willson v. City of Des Moines*, 386 N.W.2d 76, 81 (Iowa 1986) (stating that the IMTCA "provides the exclusive remedy for any civil action against a municipality or one of its officers"). *See also Dan Dugan Transp. Co. v. Worth Cnty.*, 243 N.W.2d 655, 657 (Iowa 1976) (stating that "the legislature intended to treat all substantive and procedural aspects of the subject matter" when it enacted the IMTCA).

We have also been guided by interpretations of the FTCA, which was the model for the ITCA, when the wording of the two Acts is identical or similar. *See, e.g., Hyde v. Buckalew*, 393 N.W.2d 800, 802 (Iowa 1986) ("We have frequently turned to federal law in construing [the ITCA] because our statute is modeled after the Federal Tort Claims Act."); *Saxton v. State*, 206 N.W.2d 85, 86 (Iowa 1973) ("Our statute is modeled on the Federal Tort Claims Act and we are guided by interpretations given identical statutory language by the federal courts."). In this area the FTCA has similar wording to the ITCA and defines "employee of the government" to include "officers or employees of any federal agency, . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671 (2006). Additionally, the FTCA, like the ITCA, excludes contractors from the definition of covered employee. *See id.* (excluding "any contractor with the United States"); Iowa Code § 669.2(4) (excluding "a contractor doing business with the state").

In *Logue v. United States*, the United States Supreme Court held that the FTCA's definition of employee did not include county jailers who were holding a federal prisoner under contract with the Federal Bureau of Prisons. *See* 412 U.S. 521, 526, 93 S. Ct. 2215, 2219, 37 L. Ed. 2d 121, 127 (1973). The Court focused on common law principles of agency

and the federal authorities' lack of authority to control the physical activities of the county employees. *See id.* at 526–30, 93 S. Ct. at 2219–21, L. Ed. 2d at 127–29. The Court rejected the notion that the county employees should be considered "employees of the government" simply because they were discharging duties imposed by federal law or "performing tasks that would otherwise be performed by salaried employees of the Government." *See id.* at 528–29, 531–32, 93 S. Ct. at 2220–22, 37 L. Ed. 2d at 130–31. By that rationale, a municipal employee who is not under the actual control of the state or a state agency should not be considered an "employee of the state" for purposes of the ITCA.

The defendants concede no Iowa appellate court has ever found that a municipal employee can be considered an employee of the state who would be immunized from tort liability by the ITCA. As noted, *Graham* would indicate otherwise. 259 Iowa at 854, 146 N.W.2d at 633. The defendants, however, rely on the United States Court of Appeals for the Eighth Circuit's recent decision in *McGhee v. Pottawattamie County.* 547 F.3d 922 (8th Cir. 2008). In that case, two individuals brought a civil rights suit for wrongful imprisonment after their murder convictions were reversed for a number of improprieties. *Id.* at 925. The named defendants included the former Pottawattamie County Attorney and one of his former assistants. *Id.* The defendants argued, and the Eighth Circuit agreed, that the employees of the county attorney's office were immune from suit based on section 669.14(4) of the ITCA to the extent they were enforcing state law. *Id.* at 930–31.

Upon our review, we respectfully disagree with the Eighth Circuit's ruling. The Eighth Circuit's opinion focuses exclusively on the ITCA and does not address the IMTCA or our prior holding in *Graham. See id.* at

929–31. While the ITCA's definition of "employee of the state" could perhaps be read in isolation to include municipal employees when they are enforcing state law as part of their official duties, that definition does not stand on its own. Rather, it coexists with a body of precedent, such as *Graham*, as well as the IMTCA, a comprehensive law governing the liability of municipalities and their officers and employees.

**E. Policy Considerations**. The defendants also assert that if section 669.14(4) does not bar certain claims against local law enforcement officers, then absurd results could occur. For example, as noted by the district court, when state troopers and county sheriff's deputies are working side by side in a joint law enforcement operation, the former would be exempt from liability under section 669.14(4) while the latter could potentially be sued.

We are mindful of this concern, but caution that the defendants' view of the law also could lead to some unwieldy outcomes. For example, what if a local law enforcement officer is responding to an ordinance violation and investigating a possible violation of state criminal law at the same time? And who pays the bill or provides the defense when a local official enforcing state law is sued—the state or the local entity? *See* Iowa Code §§ 669.21(1), 670.8(1). Iowa law contains no mechanism for resolving these disputes, which suggests the legislature didn't anticipate them.

In fact, the North Liberty Code in effect at the time of Thomas's arrest prohibited disorderly conduct and interference with city officers. *See* North Liberty, Iowa, Code §§ 9.02.020(G), 9.02.070(M) (1986). Although Thomas was charged after the fact under state law, *see* Iowa Code §§ 719.1, 723.4, the defendants were actually enforcing municipal law as well. How does one separate the two activities?

Difficult practical questions would also arise for attorneys who wanted to bring claims over improper conduct by county and local employees. Instead of being able to rely on the employee's *status*, the attorney would likely have to file parallel claims with the state appeal board under chapter 669 and in court under chapter 670. *See* Iowa Code §§ 669.3(2), 669.5(1). This multiplication of proceedings would complicate things for all concerned. Notably, the defendants did not argue here that Thomas had failed to exhaust his administrative remedy because he did not present his claim to the state appeal board, a prerequisite to bringing an action for injuries caused by the negligent or wrongful acts of state employees acting within the scope of their employment. *See Swanger v. State*, 445 N.W.2d 344, 347 (Iowa 1989). This appears inconsistent with the defendants' position that they are state employees covered by the ITCA.

The defendants' principle would not be limited to law enforcement officers but could affect numerous other municipal employees who in some way carry out state laws, such as animal control workers, school teachers, street maintenance workers, and parks and recreation workers. The Iowa Code is replete with examples of state laws that tell municipalities—and their employees—what they have to do. *See, e.g.,* Iowa Code ch. 280 ("uniform school requirements"); ch. 309 (establishing requirements for counties regarding secondary roads); § 314.24 (requiring cities and counties, to the extent practicable, to protect the natural and historic heritage of the state in the design, construction, repair, or maintenance of roads, streets, or highways); § 317.9 (vesting the duty to control noxious weeds in county boards of supervisors); § 351.36 (requiring local health and law enforcement officials to enforce statutes pertaining to vaccination and impoundment of dogs); ch. 384

(imposing requirements with respect to city finance); ch. 403 (setting forth requirements for urban renewal projects); ch. 403A (setting forth requirements for municipal housing projects).

We are not addressing the situation where a local law enforcement official has been deputized to a state agency and is under the direction of that agency. *See* Iowa Code § 669.2(4) (defining "employee of the state" to include "agents" of a state agency); *see also Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 100 (Iowa 2011) (noting that an agency relationship arises when the principal and agent mutually manifest assent to the relationship and the agent acts on the principal's behalf and is subject to the principal's control). Our decision simply holds that the mere act of enforcing state law is not enough to bring municipal officials and employees within the scope of the ITCA and its immunities.[4]

## IV. Conclusion.

For the reasons set forth, we hold that Thomas's claims against the defendants are not barred by section 669.14(4). We reverse the district court's grant of summary judgment and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[4]We also recognize that the ITCA's coverage includes certain volunteers. *See* Iowa Code § 669.2(4) (defining "employee of the state" to include "persons acting on behalf of the state or any state agency in any official capacity, temporarily or permanently in the service of the state of Iowa, whether with or without compensation"); *Hook v. Lippolt*, 755 N.W.2d 514, 520 (Iowa 2008) (holding that a volunteer providing services to the Department of Human Services is an employee of the state covered by the ITCA); Iowa Att'y Gen. Op. No. 76-7-24 (July 27, 1976) ("[O]ne who provides services on behalf of the State, per the request of the State, without compensation may still fall within the definition of 'Employees' for purposes of [the ITCA],"). But the defendants here were not volunteers; they were compensated municipal employees. And even as to volunteers, neither the ITCA nor our precedent suggests that they fall within the ITCA if their activities were neither solicited nor supervised by the state. For example, we do not believe the ITCA would apply to a private vigilante who took it upon himself or herself to enforce state criminal law on his or her own.