**IN THE COURT OF APPEALS OF IOWA**

No. 16-1270
Filed March 22, 2017

**IN THE MATTER OF THE ESTATE OF RONALD TIMOTHY BACON**

**JUSTIN BACON,**
        Plaintiff-Appellant,

**vs.**

**SARAH BACON,**
        Defendant-Appellee.

_____

        Appeal from the Iowa District Court for Pottawattamie County, Richard H. Davidson, Judge.

        An heir seeking to contest his father's will appeals the grant of summary judgment in favor of his half-sister, the executor. **AFFIRMED.**

        Brian E. Jorde and Christian T. Williams of Domina Law Group P.C., L.L.O., Omaha, Nebraska, for appellant.

        Michael T. Gibbons and Aimee C. Bataillon Smith of Woodke & Gibbons, P.C., L.L.O., Omaha, Nebraska, for appellee.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

This appeal involves an action to contest the will of Ronald Bacon, filed by his son, Justin Bacon. Executor Sarah Bacon moved to dismiss her half-brother's action, alleging his objection was untimely under Iowa Code section 633.309 (2015). The parties agreed Sarah's filing could be converted into a motion for summary judgment, which the district court granted. On appeal, Justin contends the district court abused its discretion by allowing Sarah to offer an affidavit and exhibits in conjunction with her brief in support of summary judgment. He also argues an issue of material fact exists as to whether Sarah complied with the notice requirements of section 633.304.

Given the specific facts of this case, we find the district court did not abuse its discretion in allowing Sarah to submit additional evidence in support of her motion for summary judgment. And because we find the address where Sarah sent the notices was reasonably calculated to provide Justin with actual notice of the proceedings, we affirm the district court's ruling.

## I.       Facts and Prior Proceedings

Ronald Bacon died on July 20, 2015. Eight days later, his will was admitted to probate. The will—executed on June 30, 2015—indicated Ronald was not married but had two children, Justin and Sarah. The will devised all of Ronald's property to Sarah, per stirpes. Sarah was appointed executor, and she arranged to have notices of probate and appointment of executor published in the local newspaper for two consecutive weeks from August 1 to August 8. On September 10, Sarah's attorney sent the notices to Justin at an address on West Dakota Street in Fremont, Nebraska.

About four months later, on January 12, 2016, Justin filed a petition to set aside the will. Among other things, Justin alleged "[n]otice was not provided as required by law," but he did not elaborate further on the issue. Sarah, who had obtained new counsel, filed a motion to dismiss on January 15, citing her prior attorney's affidavit of mailing and challenging Justin's petition as untimely under Iowa Code section 633.309 (requiring will contests to be initiated "within the later to occur of four months from the date of second publication of notice of admission of the will to probate or one month following the mailing of the notice to all heirs of the decedent and devisees under the will whose identities are reasonably ascertainable, at such persons' last known addresses"). Justin did not file a resistance to Sarah's motion.

On March 4, 2016, the district court held a hearing on Sarah's motion to dismiss. With consent from the parties, the court converted the motion to dismiss into a motion for summary judgment, noting that, unlike a motion to dismiss, "a motion for summary judgment would entertain affidavits that would support either one of [the parties'] positions." Justin offered his own affidavit at the hearing, which contended his mailing and last known address was on North Garfield Street in Fremont and "[n]o notice of the probate of my father's Will or any other details were sent to this address."[1] He did not indicate whether he received notice of the probate proceedings. In conjunction with the affidavit, Justin submitted several documents confirming his attested address, including a state-issued identification card and correspondence with his attorney. Justin's attorney submitted an affidavit and attached a Westlaw "People Map Search" printout for

---

[1] Justin did not produce or file the exhibits before the hearing.

Justin—which the attorney described as "a commonly used service and information gathering tool normally relied upon in the practice of law"—listing the North Garfield address but not the West Dakota address where Sarah's first counsel sent the notices.

No evidence was offered on Sarah's behalf at the hearing. When asked whether the parties were ready to argue the motion, Sarah's new attorney explained he had not been involved with the original mailing of notices and had not investigated the notice issue himself. At the suggestion of Justin's attorney, the court directed the parties to submit briefs in the matter by March 28. The court left open the possibility of "additional oral argument."

Four days before the briefing deadline, Sarah submitted a "statement in support of motion for summary judgment" along with four attachments, including her own affidavit. The affidavit regarding the "last known address of Justin Bacon" attested that Sarah, as executor of her father's will, informed her attorney where to send the notices based on text messages she exchanged with her half-brother in which he "personally advised" her of his address.

Sarah also attested that attached printouts showing the text messages were true and accurate copies of her communications with Justin about his address in 2015. In the first exchange, dated July 17, Sarah wrote: "What's your address Tom will come get you right now." The response stated: "The address is [****] W Dakota." Sarah also attached the affidavit of family friend Tom Wingate, who stated he picked up Justin at that West Dakota address on July 17. On August 24, Sarah sent this message: "Can you text me your address again and ssc#, trying to see if we collect a benefit from social security for dad." Again, she

was given the same address on West Dakota Street. On September 14, four days after Sarah's first attorney sent the notices of probate and appointment of executor to the West Dakota address, Sarah received the following message: "Oh I forgot to tell you I got a letter from Dad's lawyer's office the other day not sure why." Sarah responded: "Probably something to do with probate court I'm guessing." The West Dakota address was confirmed a final time on December 12 when Sarah texted Justin that she was on her way to his home.

The moniker "Skoob Bacon" followed each text message Sarah attached to her affidavit. To explain this detail, Sarah included a screenshot[2] of a Facebook profile for "Justin Skoob Bacon," which she alleged belonged to her half-brother.

Justin filed a responsive brief with the district court on March 28, objecting to Sarah's exhibits as untimely and "outside of the summary judgment record." He also complained her exhibits were "replete with hearsay" and "lacking sufficient and proper foundation." He asked the district court to deny Sarah's motion for summary judgment because his exhibits demonstrated she "did not perform a diligent search for Justin Bacon's last known addresses and/or failed to perfect Notice at [Justin] Bacon's last known address."

On June 29, 2016, the district court granted Sarah's motion for summary judgment and dismissed Justin's petition contesting their father's will. The court accepted Sarah's additional evidence and determined she satisfied the last-known-address requirement of section 633.304 by sending the notices to the

---

[2] A "screenshot" is a tangible printout of material that exists in digital form. *See* 7 Laurie Kratky Doré, *Iowa Practice Series: Evidence* § 5.901:11 (2015).

West Dakota address supplied by Justin. Justin appeals from the grant of summary judgment.

## II.     Scope and Standards of Review

We review the district court's decision to consider Sarah's affidavit and exhibits in connection with a motion for summary judgment for an abuse of discretion. *See Schroeder v. Fuller*, 354 N.W.2d 780, 782 (Iowa 1984). The party seeking reversal has the burden to show the district court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Kulish v. Ellsworth*, 566 N.W.2d 885, 889 (Iowa 1997) (citation omitted).

We review the district court's grant of a motion for summary judgment for correction of legal error. *See Thomas v. Gavin*, 838 N.W.2d 518, 521 (Iowa 2013). The purpose of the summary-judgment rule is to allow the moving party, when there is no dispute of material fact, to obtain a prompt judgment without the unnecessary expense of a trial. *Liska v. First Nat'l Bank*, 310 N.W.2d 531, 534 (Iowa 1981). "Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Thomas*, 838 N.W.2d at 521 (quoting Iowa R. Civ. P. 1.981(3)). On appeal of a summary-judgment ruling, we must decide whether a genuine issue of material fact exists and whether the district court applied the law correctly. *See McComas-Lacina Constr. Co. v. Able Constructors*, 641 N.W.2d 841, 843 (Iowa 2002). We view the evidence in the light most favorable to the party who opposes the motion for

summary judgment; the party moving for summary judgment has the burden to demonstrate there are no genuine issues of material fact. *See id.* at 843–44.

### III. Analysis

### A. Summary Judgment Record

Justin frames his first issue as follows:

> The District Court Erred in Permitting Petitioner-Appellee Sarah Bacon to Belatedly Offer Evidence After the Summary Judgment Record was Closed and When No Such Request was Made or Granted on the Record at the Time of Summary Judgment and then Further Erred by Permitting no Objections or Rebuttal Evidence by Mr. Bacon.

Justin's issue heading outreaches the body of his argument. We will address his initial claim the district court erred in allowing Sarah to submit an affidavit and supporting exhibits with her brief. But his subsequent claim the court "further erred by permitting no objections or rebuttal evidence" on behalf of Justin receives no further attention in his appellant's brief and finds no support in the record. Accordingly, we decline to address that allegation. *See Midwest Auto. III, LLC v. Iowa Dep't of Transp.*, 646 N.W.2d 417, 431 n.2 (Iowa 2002) (holding random mention of issue, without elaboration or supporting authority, is insufficient to merit appellate consideration); *Miller v. Griffith*, 66 N.W.2d 505, 507 (Iowa 1954) (giving no consideration to an assignment of error which fails to pinpoint where in the record the mistake occurred).

Justin contends the district court should not have considered Sarah's affidavit and supporting materials filed with her brief in support of summary judgment. He ventures that an Iowa court may never allow the party moving for summary judgment to offer a supplemental affidavit after the matter has been

fully submitted. He contends Iowa law permits only the non-moving party to submit additional evidence, and then only upon a showing of excusable neglect. *See Schroeder*, 354 N.W.2d at 782. Justin continues that, even if we determine a moving party may introduce additional evidence in some circumstances, the district court still abused its discretion here because language in Justin's petition apprised Sarah that he was not given adequate notice under Iowa law and Sarah's attorney had ample time to investigate the notice issue before filing the motion to dismiss.[3]

Quoting Iowa Rule of Civil Procedure 1.981(5), Sarah responds: "The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, further affidavits, or oral testimony." She continues that rule 1.443(1) gives the court discretion to permit such evidence at any time "where the failure to act was the result of excusable neglect" and that neither rule 1.981(5) nor 1.443(1) is limited to the non-moving party. Sarah argues the district court did not abuse its discretion in allowing her additional evidence and cites extenuating circumstances supporting the court's decision, such as the conversion of her motion to dismiss to a motion for summary judgment and her second attorney's lack of involvement with providing notice to Justin.

As an initial matter, we reject Justin's contention a moving party may never submit a supplemental affidavit or other supporting exhibits in a summary-

---

[3] Justin also asserts the additional affidavits and attachments Sarah filed "are hearsay, contain hearsay within hearsay, [and] are lacking in necessary and sufficient foundation." Justin does not explain these objections, nor does he cite any authority in support of his arguments. Accordingly, we decline to address them. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *see also Harrington v. Univ. of N. Iowa*, 726 N.W.2d 363, 367 n.4 (Iowa 2007).

judgment proceeding. *See* Iowa R. Civ. P. 1.443(1), .981(5). Justin relies upon two cases—*Bitner v. Ottumwa Community School District*, 549 N.W.2d 295, 301 (Iowa 1996), and *Schroeder*, 354 N.W.2d at 782—but neither case proves his point. In *Bitner*, the court construed rule 237(f) (now rule 1.981(6)), which addresses the situation where affidavits are unavailable to the party opposing a motion for summary judgment. *See* 549 N.W.2d at 299–300; *see also id.* at 301 (describing rule as "an 'out' for a party who legitimately needs additional time to gather facts essential to justify its opposition when faced by a summary judgment motion"). While Justin is correct that rule 1.981(6) applies only to the nonmoving party, that rule does not prevent a court from considering the "further affidavits" of either party under rule 1.981(5). And in *Schroeder*, the court construed a previous version of Iowa Rule of Civil Procedure 1.443(1)(b), which gives the court discretion whether to consider an untimely affidavit. *See* 354 N.W.2d at 782. Contrary to Justin's assertion, neither rule 1.443(1)(b) nor the *Schroeder* decision prohibit the court from exercising similar discretion in relation to supplemental affidavits submitted by the moving party.

Under rule 1.981(2), Sarah, as the proponent of the will, was allowed to move for summary judgment at any time, with or without supporting affidavits. The parties agreed with the court's proposal to treat Sarah's motion to dismiss as a motion for summary judgment because she was relying on matters outside the pleadings to show Justin's will-contest petition was untimely. *See Troester v. Sisters of Mercy Health Corp.*, 328 N.W.2d 308, 311 (Iowa 1982) (suggesting, where evidence is required to show party lacks authority to proceed, using summary-judgment procedure is better practice).

When the court—with the consent of the parties—converted Sarah's motion to dismiss into a motion for summary judgment, the parties had not followed the standard path under rule 1.981. Sarah had not attached any supporting documents to her motion,[4] and Justin had not filed a written resistance. When the court asked Sarah's attorney whether he was prepared to proceed with argument after Justin presented his evidence at the hearing, Sarah's attorney responded:

> I'm really not able to, Your Honor, because I had nothing to do with the original mailing and the executor is not here to advise me what anyone's address was at any prior time. My motion, I relied upon what has been filed in the court file. But I'm—I have not investigated those issues myself.

Justin's attorney suggested: "Perhaps we'd like briefs then?" The court ordered the parties to submit "some memorandum." By granting both parties an opportunity to submit briefs or memoranda—which under rule 1.981 are generally submitted with supportive affidavits—the court recognized the insufficiency of the record before it and implicitly permitted the inclusion of additional evidence. *See Lewison v. Howard R. Green Co.*, No. 08-0756, 2009 WL 1066514, at *2–3 (Iowa Ct. App. Apr. 22, 2009) (finding rule 1.981(3) did not prohibit the filing of subsequent affidavits with a surreply and allowing "additional statement of facts or affidavits" when resisting party asked for an opportunity to respond to "new evidence/arguments" raised by opposing parties in supplemental statements of

---

[4] We note that a party moving for summary judgment is not required to attach supporting affidavits, but unlike a motion to dismiss, those documents are permitted to be submitted with a motion for summary judgment. *See* Iowa R. Civ. P. 1.981(2); *see also Carroll v. Martir*, 610 N.W.2d 850, 856 (Iowa 2000) ("Motions to dismiss . . . are generally limited to the pleadings, and facts outside the pleadings are not to be considered. Summary judgment is the appropriate remedy when parties wish to rely on facts outside the pleadings." (citation omitted)).

facts with attached depositions). Accordingly, the court did not abuse its discretion when it considered Sarah's affidavit and exhibits that were submitted in accordance with its order.

Even assuming the court's order did not contemplate the submission of additional evidence, we find no abuse of discretion here. *See* Iowa R. Civ. P. 1.981(5); *see also Schroeder*, 354 N.W.2d at 782 ("The court has discretion to refuse to consider an untimely affidavit or to consider it, based on the circumstances in a particular case."). Because Justin did not file either a written resistance or his exhibits beforehand, Sarah did not know the specific grounds of his resistance until after the hearing had begun, which is atypical with a motion for summary judgment. *See* Iowa R. Civ. P. 1.981(3) (requiring affidavits supporting the resistance to be filed in conjunction with the resistance and before the time set for hearing unless otherwise ordered by the court). In addition, as Sarah points out, she originally filed the motion as a motion to dismiss and additional affidavits are generally improper in that context. *See George v. D.W. Zinser Co.*, 762 N.W.2d 865, 867–68 (Iowa 2009) (noting that, unlike a motion to dismiss, a motion for summary judgment typically relies on matters outside the pleadings). And finally, Sarah filed her additional evidence in advance of the briefing deadline, which gave Justin a chance to respond. Justin did respond, contending the exhibits were untimely and launching evidentiary objections, but he did not counter Sarah's evidence with a responsive affidavit, request more

time to respond, or request oral argument in the matter. On appeal, Justin does not argue he was denied a fair opportunity to respond to Sarah's evidence.[5]

Accordingly, we find the district court did not abuse its discretion in considering Sarah's affidavit and exhibits.

### B. Notice at Last Known Address

Justin next argues we should reverse the district court's order granting Sarah's motion for summary judgment because the evidence demonstrates she failed to "take steps to ascertain the proper last known address for mailing Notice of these proceedings." Iowa Code section 633.304(2) requires the executor to give notice by ordinary mail of the admission of the will to probate and the appointment of the executor to each heir of the decedent, whose identity is reasonably ascertainable, at his or her last known address. Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also In re Estate of Weidman*, 476 N.W.2d 357, 360–61 (Iowa 1991) (relying, in part, on *Mullane* to conclude due process requires executor to provide notice by mail to all known or reasonably ascertainable heirs-at-law). Sarah contends she satisfied this requirement by verifying Justin's address with Justin himself.

After reviewing the evidence in the light most favorable to Justin, we find he demonstrated no genuine issue of material fact for trial. Justin's affidavits and

---

[5] The district court's ruling addresses Justin's evidentiary objections, and the record does not reflect any request by Justin to submit rebuttal evidence.

attachments establish he received mail at the North Garfield address. But Justin does not refute he also received mail at the West Dakota address, nor does he deny receiving the required notices at that address. *Cf. Cowell v. All-Am., Inc.*, 308 N.W.2d 92, 95 (Iowa 1981) (finding more than one address may suffice as the "last known address" under Iowa Code section 17A.19(2)). Moreover, Sarah's affidavit and text-message exhibits demonstrate she sent the notices to the address provided by Justin, and Justin promptly acknowledged receipt of those notices.[6] *See In re Estate of Liddle*, No. 12-1597, 2013 WL 3458242, at *1 (Iowa Ct. App. June 26, 2013) (finding notice sent to will contestant at business address rather than residential address was "an address reasonably calculated to provide [contestant] with actual notice of the probate proceedings"). Although the first text-message exchange establishes only that Justin could be picked up at the West Dakota address on July 17, 2015, the following text messages confirm Justin wished to receive mail at the West Dakota address. *See L.F. Noll Inc. v. Eviglo*, 816 N.W.2d 391, 396 (Iowa 2012) (noting "the meaning of the term 'address' depends on the context in which it is used"). Because Justin personally provided the address to Sarah, her attorney was not obliged to research the matter further as Justin suggests. Accordingly, we find the West Dakota address was an address reasonably calculated to provide Justin with actual notice, and we affirm the district court's ruling.

**AFFIRMED.**

---

[6] Justin argues that because the year is not included in the text-message printouts, we cannot be sure the exchange occurred in 2015. But Sarah, who was a competent party to authenticate the text messages, attested they occurred in 2015, and that fact was substantiated by other contextual evidence in the record. Further, Justin does not directly deny he sent the text messages about his address to Sarah in 2015.