# IN THE SUPREME COURT OF IOWA

No. 48 / 05-1371

Filed June 29, 2007

**DAVID RODDA,**

Appellant,

vs.

**VERMEER MANUFACTURING** and **EMC RISK SERVICES, INC.,**

Appellees.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

Plaintiff in suit against former employer based on alleged bad-faith failure to pay benefits appeals from summary judgment for employer. **DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED**.

Donald G. Beattie of Beattie Law Firm, P.C., Des Moines, for appellant.

Dale A. Knoshaug and Lu Ann White of Hanson, Bjork & Russell, L.L.P., Des Moines, for appellee Vermeer Manufacturing.

Matthew G. Novak of Pickens, Barnes & Abernathy, Cedar Rapids, for appellee EMC Risk Services, Inc.

**LARSON**, **Justice**.

David Rodda, the plaintiff in this case, sued his former employer, Vermeer Manufacturing, and its risk manager (collectively Vermeer) for alleged bad-faith failure to pay healing-period benefits under Iowa Code section 85.34(1) (2001). The district court rejected his claim, entering summary judgment against him, and he appealed. The court of appeals reversed, and we granted further review. We vacate the decision of the court of appeals and affirm the judgment of the district court.

### I. *Facts and Prior Proceedings.*

David Rodda was injured in his job with Vermeer on August 25, 2000. Rodda had been working assembling tractors at the time of his injury, and after his injury, he was placed on light duty in accordance with work restrictions imposed by his doctors. Rodda received appropriate healing-period benefits pursuant to Iowa Code section 85.34 until he was laid off on March 8, 2001, as part of a company-wide layoff. Rodda then received unemployment benefits from March 8 through July 1, 2001, pursuant to Iowa Code section 96.4(3). He did not, however, receive workers' compensation healing-period benefits for this time period, and this is the primary basis of his bad-faith suit. Additionally, Rodda complains he did not receive healing-period benefits for one additional day, January 29, 2001. A deputy workers' compensation commissioner ruled that Rodda was entitled to healing-period benefits for both periods of time, and this decision was affirmed on agency appeal.

On March 13, 2003, Rodda filed a petition at law, alleging Vermeer acted in bad faith in denying healing-period benefits for these time periods. The district court granted Vermeer's motion for summary judgment, concluding the defendants acted reasonably as a matter of law

in denying Rodda's claim for healing-period benefits for the period between March 8 and July 1, 2001. As to the one-day healing-period issue, the court found that there would be no reasonable basis to deny Rodda's claim for healing-period benefits for that day had Vermeer been aware of the claim, but there was no evidence it had been notified of the claim until the date of the hearing.

The court of appeals reversed, concluding Vermeer's denial of Rodda's healing-period benefits for the period of March 8 to July 1, 2001, was unreasonable as a matter of law. Further, it concluded a genuine issue of material fact existed as to whether Vermeer acted in bad faith in denying benefits for January 29, 2001.

On appeal, Vermeer contends the court of appeals erred in failing to apply the "fairly debatable" standard in determining whether Vermeer's denial of Rodda's healing-period benefits was reasonable. Vermeer also contends the court of appeals erred in finding a genuine issue of material fact existed as to whether Vermeer acted in bad faith in denying benefits for January 29, 2001.

## II. *Standard of Review.*

Review of a district court's ruling on a motion for summary judgment is for correction of errors at law. *McIlravy v. North River Ins. Co.*, 653 N.W.2d 323, 327 (Iowa 2002). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* The burden is on the moving party to establish there is no genuine issue of material fact, and the facts must be viewed in the light most favorable to the nonmoving party. *Id.* at 327-28. Review of a district court's ruling on a motion for summary judgment in a bad-faith claim is the same as for other types of cases. *Galbraith v. Allied Mut. Ins. Co.*, 698 N.W.2d 325,

328 (Iowa 2005). "[T]o succeed on such motions the [employer] must demonstrate that a reasonable trier of fact could not determine that the [employer] lacked a reasonable basis for denying or for delaying payment of the claim." *Id.*

### III. *Discussion.*

Iowa law recognizes a common-law cause of action against an insurer for bad-faith denial or delay of insurance benefits. *Dolan v. Aid Ins. Co.*, 431 N.W.2d 790, 794 (Iowa 1988). We extended this common-law tort to workers' compensation cases in *Boylan v. American Motorists Insurance Co.*, 489 N.W.2d 742, 744 (Iowa 1992). *Accord McIlravy*, 653 N.W.2d at 329 ("Bad faith claims are applicable to workers' compensation insurers because they hold the discretionary power to affect the statutory rights of workers, which clearly reflects their obligation to act in good faith in the exercise of this authority.").

To establish a claim for first-party bad faith, in the analogous area of insurance law, we have said a plaintiff (the insured) must prove " '(1) that the insurer had no reasonable basis for denying benefits under the policy[, and] (2) the insurer knew, or had reason to know, that its denial was without basis.' " *McIlravy*, 653 N.W.2d at 329 (quoting *United Fire & Cas. Co. v. Shelly Funeral Home, Inc.*, 642 N.W.2d 648, 657 (Iowa 2002)). "The first element is an objective one; the second element is subjective." *Bellville v. Farm Bureau Mut. Ins. Co.*, 702 N.W.2d 468, 473 (Iowa 2005).

A reasonable basis for denying insurance benefits exists if the claim is "fairly debatable" as to either a matter of fact or law. *Gibson v. ITT Hartford Ins. Co.*, 621 N.W.2d 388, 396 (Iowa 2001); *see also Covia v. Robinson*, 507 N.W.2d 411, 416 (Iowa 1993). "A claim is 'fairly debatable' when it is open to dispute on any logical basis." *Bellville*, 702 N.W.2d at 473. Whether a claim is "fairly debatable" can generally be determined

by the court as a matter of law. *Id.* (quoting *Gardner v. Hartford Ins. Accident & Indem. Co.*, 659 N.W.2d 198, 206 (Iowa 2003)) ("That is because '[w]here an objectively reasonable basis for denial of a claim *actually exists*, the insurer cannot be held liable for bad faith as a matter of law.'"). If the court determines that the defendant had no reasonable basis upon which to deny the employee's benefits, it must then determine if the defendant knew, or should have known, that the basis for denying the employee's claim was unreasonable.

Vermeer contends that, as a matter of law, it had a reasonable basis for denying Rodda's healing-period benefits for the period between March 8 and July 1, 2001. This argument is premised on two theories—first, that Rodda's certification that he could work, in order to obtain unemployment compensation, was the equivalent of an admission that he was no longer entitled to workers' compensation benefits, and second, it was fairly debatable under Iowa Code section 96.5(5) whether Rodda could receive workers' compensation and unemployment-compensation benefits at the same time.

A. *Rodda's certification.* Vermeer contends it was "fairly debatable" that Rodda was unable to return to work similar to that which he was performing prior to his injury. The district court agreed with Vermeer and concluded that Rodda's certification that he was able to work in order to receive unemployment benefits was a sufficient basis for the defendants to question whether Rodda was still entitled to healing-period benefits. *Compare* Iowa Code § 85.34(1) (an employee is entitled to healing-period benefits "until the employee has returned to work or it is medically indicated that significant improvement from the injury is not anticipated or until the employee is medically capable of returning to employment substantially similar to the employment in which the

employee was engaged at the time of injury") *with id.* § 96.4(3) (an employee is entitled to unemployment benefits when the employee "is able to work, is available for work, and is earnestly and actively seeking work").

We do not agree with the district court's ruling that Rodda's certificate in his unemployment-compensation application, stating he was able to work, may reasonably be translated to mean that he was not entitled to healing-period benefits because he could perform the necessary work. This is especially so in this case, in which all inferences must be afforded to the party resisting summary judgment. A reasonable fact finder could conclude that Rodda's certification that he could work at *some* job (perhaps some form of light work) did not mean that he could work at the job in which he had been employed prior to his injury—assembly of heavy tractors. It is undisputed that Rodda's injury was work-related. It is also undisputed that Vermeer paid Rodda healing-period benefits for any time missed due to his work-related injury up until he was laid off on March 8, 2001, and began receipt of unemployment benefits. At no time did Vermeer receive medical information or information from Rodda himself indicating that Rodda was able to return to work similar to that which he was performing prior to his injury. *See Sierra v. Employment Appeal Bd.*, 508 N.W.2d 719, 722 (Iowa 1993) (quoting *Geiken v. Lutheran Home for the Aged Ass'n*, 468 N.W.2d 223, 225-26 (Iowa 1991)) ("To be found able to work, '[a]n individual must be physically and mentally able to work in some gainful employment, not necessarily in the individual's customary occupation, but which is engaged in by others as a means of livelihood.' ").

Rodda's certification that he was able to work was not a reasonable basis for Vermeer's denial of healing-period benefits. Therefore, we

consider the alternative basis upon which Vermeer rests its denial, Iowa Code section 96.5(5).

B. *The provisions of Iowa Code section 96.5(5).* Vermeer argues it was also fairly debatable whether Rodda could simultaneously receive both workers' compensation benefits and unemployment benefits. It points to Iowa Code section 96.5(5), which lists "causes for disqualification" for unemployment-compensation benefits. That section provides that

> [a]n individual shall be disqualified for benefits . . . [f]or any week with respect to which the individual is receiving or has received payment in the form of any of the following:
>
> . . . .
>
> *b.* Compensation for temporary disability under the workers' compensation law of any state or under a similar law of the United States.

Iowa Code section 96.5(5), on its face, appears to prevent simultaneous collection of workers' compensation and unemployment-compensation benefits. In fact, several workers' compensation opinions have said just that. *See, e.g., Weatherwax v. Boesen, The Florist, LLC*, 2005 WL 1489171 (Iowa Workers' Comp. Comm'n 2005) (Garrison, Arb.); *Darnell v. Experian Info. Solutions*, 2004 WL 2601566 (Iowa Workers' Comp. Comm'n 2004) (Christenson, Arb.); *Nock v. GKN Armstrong Wheels, Inc.*, 2004 WL 2027605 (Iowa Workers' Comp. Comm'n 2004) (Christenson, Arb.); *Wagner v. Giese Sheet Metal Co.*, 2000 WL 33992944 (Iowa Workers' Comp. Comm'n 2000) (Lantz, Arb.). Although three of these opinions were issued after the defendants denied Rodda's healing-period benefits, they are relevant to whether the defendants' position on the legal issue was "fairly debatable." As noted by one authority:

> Perhaps the most reliable method of establishing that the insurer's legal position is reasonable is to show that some judge in the relevant jurisdiction has accepted it as

correct. The favorable decision need not have been available to the insurer at the time it acted on the claim. After all, if an impartial judicial officer informed by adversarial presentation has agreed with the insurer's position, it is hard to argue that the insurer could not reasonably have thought that position viable.

William T. Barker & Paul E.B. Glad, *Use of Summary Judgment in Defense of Bad Faith Actions Involving First-Party Insurance*, 30 Tort & Ins. L.J. 49, 83 (1994).

Despite this authority supporting Vermeer's claim that it was fairly debatable whether Rodda was ineligible for both workers' compensation and unemployment compensation, Rodda contends that the quoted language of section 96.5(5) must be read in context with a later provision suggesting that both workers' compensation benefits and unemployment-compensation benefits may be received and that the two forms of benefits will merely be offset. He relies on this last unnumbered paragraph of subparagraph *c* of section 96.5(5):

> Provided, that if the *remuneration* is less than the benefits which would otherwise be due under this chapter, the individual is entitled to receive for the week, if otherwise eligible, benefits reduced by the amount of the remuneration.

(Emphasis added.) We will refer to this as the "offset provision."

Rodda argues that "remuneration" under this subparagraph includes workers' compensation benefits. However, that is not at all clear from the wording of the statute itself. The offset provision is a part of subparagraph *c,* which excludes an individual's recovery of unemployment benefits while receiving "[a] governmental pension, retirement or retired pay, annuity, or any other similar periodic payment" made under a similar plan. The offset language does not appear in subparagraph *b,* which applies to workers' compensation benefits. There are no Iowa cases on point. However, the juxtaposition of the offset

provision, as part of subparagraph *c*, but not subparagraph *b*, casts some doubt on the issue. This, reinforced by the opinions by the workers' compensation commissioner's office, makes the question of whether a worker can receive both forms of benefits at least fairly debatable. We need not decide that issue here; it is only required that we decide whether it is fairly debatable. We agree with the district court on that point. We also agree that, as a matter of law, Vermeer was not unreasonable in denying Rodda's claim for one day's benefits, formally raised for the first time at the hearing.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED**.

All justices concur except Appel, J., who takes no part.