# IN THE SUPREME COURT OF IOWA

No. 07–0930

Filed November 21, 2008

CLINTON P. JONES, Individually and
as Father and Next Friend of SKYE E.
JONES, Minor Child,

      Appellant,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Appellee,

and

LINDA LENNING, as Administrator of
the Estate of SHAWNA K. JONES,

      Defendant.

---

Appeal from the Iowa District Court for Pottawatamie County, Timothy O'Grady, Judge.

A father appeals the district court's grant of summary judgment in favor of insurer, ruling that insurer had no coverage for father's loss of consortium claim under his ex-wife's liability policy, nor under his own uninsured and underinsured motorist coverage. **REVERSED AND REMANDED.**

Randall J. Shanks of Shanks Law Firm, Council Bluffs, for appellant.

Joseph K. Meusey and Rebecca A. Zawisky of Fraser Stryker PC LLO, Omaha, Nebraska, for appellee.

**BAKER, Justice.**

In this case, Clinton P. Jones appeals the district court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company, ruling that he had no right of recovery for his loss-of-consortium claim under his ex-wife Shawna's liability policy, nor under his own uninsured and underinsured motorist coverage. We hold that State Farm has coverage for Clinton's loss-of-consortium claim under Shawna's liability coverage and under Clinton's underinsured motorist (UIM) coverage. Clinton's recovery under his UIM coverage is limited to the total damages suffered by him for his loss of consortium less the amount paid under Shawna's liability policy up to his UIM limit of $100,000 per person.

## I. Background Facts and Prior Proceedings.

Appellants, Clinton and Skye Jones, and appellee, State Farm, have stipulated to the following facts. Shawna and Clinton Jones were divorced in 2000. Shawna was awarded primary physical custody of their only child, Skye. Skye lived with Shawna in her home.

On March 11, 2004, Shawna was driving her 1999 Chevrolet Cavalier on U.S. Highway 191, with Skye in the backseat. Shawna turned around to attend to Skye. At that time, Shawna's vehicle crossed the center line and collided with an oncoming vehicle. Shawna was killed in the collision and Skye suffered serious injuries, including a right skull fracture, scars and gashes on her face, and cuts to her ear. It was found that Shawna was negligent in the operation of her vehicle and her negligence was the result of the collision. As a result of the accident, Skye was hospitalized and required extensive medical treatment. Skye's medical bills totaled $178,721.88.

At the time of the accident, Shawna and Clinton were insured under separate automobile policies of insurance issued by State Farm. Due to a policy exclusion, there was no coverage under the liability section of Shawna's policy for Skye's claims. As a result, by operation of Iowa law, Shawna became an "uninsured motorist," and the uninsured motorist (UM) coverage of Shawna's policy was available for Skye's claims. State Farm paid the $100,000 UM limits on Skye's claim, as well as the available medical payment limit under Shawna's policy of $50,000.

Clinton filed a petition against Shawna's estate seeking to recover damages for the personal injuries sustained by Skye in the March 11, 2004 collision, as well as for his loss of consortium. *See* Iowa R. Civ. P. 1.206. Clinton also sued State Farm, seeking coverage for his loss-of-consortium claim. State Farm and Clinton filed motions for summary judgment on the insurance coverage questions. The district court granted summary judgment in favor of State Farm, ruling that Clinton had no right of recovery for his loss-of-consortium claim under his ex-wife Shawna's liability policy, nor under his own uninsured and underinsured motorist coverage. He appeals.

## II. Scope of Review.

We review a district court ruling on a motion for summary judgment for correction of errors at law. *Rodda v. Vermeer Mfg.*, 734 N.W.2d 480, 482 (Iowa 2007).

> Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to establish there is no genuine issue of material fact, and the facts must be viewed in the light most favorable to the nonmoving party.

*Id.* at 483 (citing *McIlravy v. N. River Ins. Co.*, 653 N.W.2d 323, 327–28 (Iowa 2002)). "Likewise, to the extent our determination involves the interpretation of a statutory provision or a provision in an insurance policy, our review is for correction of errors at law." *Mortensen v. Heritage Mut. Ins. Co.,* 590 N.W.2d 35, 38 (Iowa 1999) (citing *In re Interest of J.J.A.*, 580 N.W.2d 731, 737 (Iowa 1998)).

### III. Discussion and Analysis.

In Iowa, "[i]nsurance coverage is a contractual matter and is ultimately based on policy provisions." *Talen v. Employers Mut. Cas. Co.*, 703 N.W.2d 395, 402 (Iowa 2005) (citing *State Farm Auto. Ins. Co. v. Malcom*, 259 N.W.2d 833, 835 (Iowa 1977)). Therefore, insurers may and frequently do limit coverage to only specific claims. *Id.*

> Insurance policies are contracts between the insurer and the insured and must be interpreted like other contracts, the object being to ascertain the intent of the parties. The words used should, unless otherwise defined, be given their ordinary meaning to achieve a fair interpretation. Words in an insurance policy are to be applied to subjects that seem most properly related by context and applicability.

*Id.* at 407 (citations omitted); *see also Lepic v. Iowa Mut. Ins. Co.*, 402 N.W.2d 758, 761 (Iowa 1987).

**A. Loss of Consortium.** A parent's loss-of-consortium claim is addressed by Iowa Rule of Civil Procedure 1.206, which states: "A parent, or the parents, may sue for the expense and actual loss of services, companionship and society resulting from injury to or death of a minor child." Iowa R. Civ. P. 1.206. We have determined that "[a]ctions brought under rule [1.206] are not for the injury to the child but for the injury to the father as a consequence of the injury to the child." *Wardlow v. City of Keokuk*, 190 N.W.2d 439, 443 (Iowa 1971).

Therefore, under Iowa law, Clinton Jones has suffered damages as a result of the injuries sustained by his child, Skye Jones.

Clinton seeks coverage for his loss-of-consortium damages under two separate contracts of insurance with State Farm. We begin our analysis by reviewing the contracts, specifically the pertinent provisions of the liability section of Shawna's policy, and the underinsured benefits and uninsured benefits provided under Clinton's policy. *See Pudil v. State Farm Mut. Auto. Ins. Co.*, 633 N.W.2d 809, 811 (Iowa 2001).

**B. Shawna's Liability Policy.** The relevant portions of Shawna's liability policy state:

Section 1—liability—Coverage A

We will:

1. Pay damages which an *insured* becomes legally liable to pay because of:

> a. *bodily injury* to others, and
> b. damage to or destruction of property including loss of its use,

Caused by accident resulting from the ownership, maintenance or use of *your car* . . .

We have held that a consortium claim consists of damages which an insured is legally liable to pay because of bodily injury to others. *See Hinners v. Pekin Ins. Co.*, 431 N.W.2d 345, 345–46 (Iowa 1988). Unless there is an exclusion, Clinton's claim is covered under Shawna's liability coverage.

We must therefore determine if there is language in the policy that would exclude Clinton's claim. The policy provides:

THERE IS NO COVERAGE:
. . .
2. FOR ANY ***BODILY INJURY*** TO:
> . . .

c.   ANY *INSURED* OR ANY MEMBER OF AN *INSURED'S* FAMILY RESIDING IN THE *INSURED'S* HOUSEHOLD.

State Farm asserts that this exclusion precludes coverage for Clinton's consortium damages because Clinton's loss-of-consortium claim is derivative of Skye's bodily injury, which was excluded from coverage by virtue of this exclusion.  As noted earlier, however, a loss-of-consortium claim is not for an injury to the child, but for an injury to the parent.  Consequently, the fact that the household exclusion applies to Skye's claim does not automatically mean that it also applies to Clinton's claim.  Under the plain language of the policy, we conclude the exclusion does not apply to Clinton's independent claim for loss of consortium.  It is undisputed that Clinton is not an insured under Shawna's policy, nor did he reside in her household.  We therefore find that State Farm has coverage under Shawna's liability policy for Clinton's loss-of-consortium claim, subject to the policy's $100,000 per person limit.

**C.  Clinton's Underinsured Policy.**  On the date of the accident, Clinton had his own automobile insurance policy with State Farm.  This policy provided coverage for liability, as well as underinsured and uninsured motor vehicles, subject to $100,000 each person and $300,000 each accident limits.  State Farm claims Clinton must have suffered a "bodily injury" for there to be coverage under his underinsured or uninsured coverage.

The relevant portion of Clinton's policy states:

5.   SECTION III – UNINSURED MOTOR VEHICLE AND UNDERINSURED MOTOR VEHICLE COVERAGES

.  .  .

We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver or an uninsured motor vehicle.  *The bodily injury must be sustained by an insured. . . .*

(Emphasis added). The policy defines "bodily injury" as "bodily injury to a *person* and sickness, disease or death that results from it."

State Farm argues that because the bodily injury was to Skye and not Clinton, the language "the bodily injury must be sustained by an insured" precludes recovery. Although State Farm accurately analyzes the contractual language, we have held that "an insurer cannot offer underinsured motorist coverage more restrictive than that required by statute." *Wetherbee v. Econ. Fire & Cas. Co.*, 508 N.W.2d 657, 659 (Iowa 1993). In *Wetherbee*, the insurance company argued that the insured must establish her own bodily injury in order to recover under the underinsured motorist provision of her policy for her loss-of-consortium claim. We rejected that argument, stating "section 516A.1 [uninsured, underinsured, or hit-and-run motorists' statute] does not require the insured to have sustained the bodily injury. The statute requires only that there be bodily injury to a person which results in damage to the insured." *Id.* at 661; *see also Hinners*, 431 N.W.2d at 346–47 ("[T]he coverage mandated by section 516A.1 is not limited to claims for injury to the insured; it merely requires policy coverage for damages arising out of "bodily injury."). Because of section 516A.1, State Farm's requirement that Clinton must sustain a bodily injury in order to collect under his own underinsured motorist coverage is of no effect. *See Hinners*, 431 N.W.2d at 346 ("[I]f a policy's provisions are contrary to the [underinsured motorist] statute, the policy provisions are rendered ineffective, and the statute controls."). He therefore has a claim under his underinsurance coverage.

Clinton's insurance coverage, however, is restricted by the limits-of-liability language in the policy. The policy states:

COVERAGES W AND W4 [UNDERINSURED MOTOR VEHICLE COVERAGE]

. . . .

3. The most we pay will be the lesser of:

a. the amount by which the insured's damages for bodily injury exceed the amount paid to the insured by or for any person or organization who is or may be held legally liable for the bodily injury or;

b. the limits of liability of this coverage.

Pursuant to this policy provision, Clinton's recovery under his underinsured motorist coverage is limited to the amount his damages exceed payments made on his claim under Shawna's policy, subject to the $100,000 UIM limit. *See* Iowa Code § 516A.2 (stating underinsured motorist coverage "may include terms, exclusions, limitations, conditions, and offsets which are designed to avoid duplication of insurance or other benefits").

**D. Clinton's Uninsured Policy.** Alternatively, Clinton argues that if he is not entitled to recover under the liability portion of Shawna's policy, Shawna would be an uninsured motorist and he can recover uninsured benefits from his policy. Because we have determined that Shawna was insured for Clinton's claim, the uninsured coverage has no application.

**IV. Disposition.**

We find that Clinton has a covered claim for loss of consortium under Shawna's liability coverage, and he also has a claim under his underinsurance coverage. To the extent Clinton receives any amount from Shawna's liability policy, his UIM recovery is limited to the total damages suffered by him for his loss of consortium less the amount paid under Shawna's liability policy up to the UIM limit of $100,000 per

person.   The decision of the district court is reversed and this case is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**