**IN THE COURT OF APPEALS OF IOWA**

No. 13-1193
Filed August 13, 2014

**KAREN H. SALTERN,**
        Plaintiff-Appellant,

**vs.**

**HNI CORPORATION, GALLAGHER BASSETT
SERVICES, INC., and ACE PROPERTY
AND CASUALTY INSURANCE COMPANY,**
        Defendant-Appellees.
_____

        Appeal from the Iowa District Court for Muscatine County, Paul L. Macek,

Judge.


        Employee Karen Saltern appeals the district court's ruling denying her

partial motion for summary judgment and granting the defendants' motion for

summary judgment in her tort action for bad faith.  **AFFIRMED.**



        Anthony J. Bribriesco, Andrew W. Bribriesco, and William J. Bribriesco of

William S. Bribriesco & Associates, Bettendorf, for appellant.

        Craig A. Levien and Amanda M. Richards of Betty, Neuman & McMahon,

P.L.C., Davenport, for appellee.



        Heard by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

Employee-plaintiff Karen Saltern sued her employer, HNI Corporation (HNI); her employer's workers' compensation insurance carrier, Ace Property and Casualty Insurance Company (insurer); and her employer's workers'-compensation-claim administrator, Gallagher Bassett Services, Inc. (claim administrator) alleging bad-faith denial and delay of her workers' compensation benefits. She asserted the defendants had no reasonable basis to deny and delay her benefits after she fell at her employer's premises. Ultimately, the district court denied her partial motion for summary judgment and granted the defendants' motion for summary judgment finding, among other things, that the defendants had a reasonable basis to deny Saltern's claim. Because we agree the defendants were entitled to summary judgment as a matter of law, we affirm.

### I. Background Facts and Proceedings.

A reasonable fact finder viewing the summary judgment record in the light most favorable to Karen Saltern could find the following facts. Saltern is 63 years old and employed by HNI. On March 11, 2009, Saltern was working at the HNI factory. She took a break with a coworker in a designated outdoor break area on the factory's premises. While walking to go back inside the factory, Saltern fell, striking her head. She was taken via ambulance to the emergency room, where it was assessed that she suffered "[m]ultiple injuries from a fall [including] a large contusion and laceration of the left frontal region and moderate strain of her neck." The cause of Saltern's fall, as well as how Saltern injured her head, is disputed by the parties.

On March 30, 2009, HNI's claim administrator sent Saltern a letter "denying primary liability for [her] alleged work injury on March 11, 2009." The claim administrator's letter explained:

> At this point in time I have no medical evidence indicating your [current] symptoms are directly related to your employment with [HCI]. We have no evidence to support [that] an injury occurred in the course and scope of employment. During our conversation you had stated you slipped on ice and this is what caused your fall. We obtained photos of the accident site, immediately after your injury, there was no ice on the ground in or around the area where you fell. Per witness statement you lost your footing. Per the medical note on 3/12/09 from [the doctor] you reported you had suddenly slipped and fell forward, no mention of slipping on ice.

In October 2009, Saltern filed a petition for workers' compensation benefits before Iowa Workers' Compensation Commissioner. HNI and its claim administrator filed an answer denying that Saltern sustained an injury arising out of and in the course of her employment with HNI. However, in October 2010, the parties entered into an agreement for settlement. In the agreement, the parties agreed Saltern sustained an injury arising out of and in the course of her employment. The parties further agreed the injury caused Saltern to sustain disability and resulting entitlement to compensation as set forth in the agreement. The parties also agreed Saltern was entitled to "[o]ther compensation or benefits consisting of [p]enalty benefits of $2500." The commissioner approved the parties' settlement on October 8, 2010.

Meanwhile, on September 27, 2010, Saltern filed her petition at law, later amended, asserting the defendants denied or delayed Saltern's workers' compensation benefits in bad faith. Saltern sought compensatory damages,

along with punitive and exemplary damages. HNI was served with suit papers on November 30, 2010. The defendants answered, denying liability.

In 2013, Saltern filed a motion for partial summary judgment against the defendants. She asserted summary judgment should be granted finding she established the first element of her bad-faith claim. *See Rodda v. Vermeer Mfg.*, 734 N.W.2d 480, 483 (Iowa 2007) (requiring a plaintiff to first prove that "the defendant had no reasonable basis upon which to deny the employee's benefits"). Specifically, she claimed the defendants, by agreeing in the parties' settlement agreement that Saltern was entitled to penalty benefits, necessarily admitted they lacked a reasonable cause to deny her benefits and should therefore be judicially estopped from disputing otherwise. The defendants resisted and filed their own motion for summary judgment on several bases, including that an objectively reasonable basis existed for denying Saltern's claim. Saltern resisted the defendants' motion.

Following a hearing, the district court entered its orders denying Saltern's partial motion for summary judgment and granting the defendants' motion for summary judgment. Among other things, the court found Saltern's inconsistent statements "in respect to whether or not she actually struck the curb or whether or not she slipped on ice" created a fairly debatable issue. The court concluded a reasonable basis existed for denying the claim and that defendants had no reason to know their basis for denying the claim was unreasonable. In denying Saltern's motion for partial summary judgment, the court stated, "[a]s set forth in the ruling on the defendants' motion for summary judgment, the court has determined that [HNI] actually had a reasonable basis to deny or delay benefits."

Pursuant to Iowa Rule of Civil Procedure 1.904(2), Saltern filed a motion to amend, enlarge, or modify findings and conclusions, requesting, among other things, that the court find defendants judicially estopped from disputing the first element of bad faith. Defendants resisted. Before the court ruled, Saltern filed her notice of appeal. The district court ruled it no longer had jurisdiction to decide the motion.

Saltern now appeals. She contends the district court erred in granting the defendants' summary judgment motion[1] and in denying her motion for partial summary judgment.

## II. Scope and Standards of Review.

We review a district court's ruling on a motion for summary judgment in a bad-faith claim for the correction of errors at law. *Rodda*, 734 N.W.2d at 482-83. "Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Thomas v. Gavin*, 838 N.W.2d 518, 521 (Iowa 2013) (quoting Iowa R. Civ. P. 1.981(3)). "An issue is 'material' only when the dispute is over facts that might affect the outcome of the suit, given the applicable governing law." *Sallee v. Stewart*, 827 N.W.2d 128, 132-33 (Iowa 2013). We must "(1) view the facts in the light most favorable to the nonmoving party, and (2) consider on behalf of the nonmoving party every legitimate

---

[1] Because we find the defendants' reasonable-basis ground for summary judgment to be dispositive, we do not address their alternate theory of judicial estoppel concerning Saltern's bankruptcy filing.

inference reasonably deduced from the record." *Hoyt v. Gutterz Bowl & Lounge L.L.C.*, 829 N.W.2d 772, 774 (Iowa 2013).

### III. Discussion.

Iowa law recognizes a common-law cause of action against an insurer for bad-faith denial or delay of insurance benefits, and the tort has been extended to include workers' compensation cases. *Rodda*, 734 N.W.2d at 483; *see also Boylan v. Am. Motorists Ins. Co.*, 489 N.W.2d 742, 744 (Iowa 1992). In the analogous area of insurance law, "the tort of bad faith only arises when the insurance company intentionally denies or fails to process a claim without a reasonable basis for such action." *Reuter v. State Farm Mut. Auto. Ins. Co.*, 469 N.W.2d 250, 251 (Iowa 1991). To establish bad faith on the part of a defendant, the plaintiff must prove two elements, one objective and one subjective. *Bellville v. Farm Bureau Mut. Ins. Co.*, 702 N.W.2d 468, 473 (Iowa 2005); *see also Rodda*, 734 N.W.2d at 483. First, the plaintiff must establish the defendant objectively "had no reasonable basis for denying benefits under the policy." *Id.* Second, the plaintiff must establish the defendant subjectively "knew or had reason to know that its denial or refusal was without reasonable basis." *Id.*

### A. Saltern's Partial Motion for Summary Judgment.

The parties entered into a section 85.35(2) agreement for settlement.[2] As a part of the agreement, the parties agreed Saltern was entitled to "[o]ther compensation or benefits consisting of [p]enalty benefits of $2500." Pursuant to

---

[2] Iowa Code section 85.35(2) provides: "The parties may enter into an agreement for settlement that establishes the employer's liability, fixes the nature and extent of the employee's current right to accrued benefits, and establishes the employee's right to statutory benefits that accrue in the future."

section 85.35(8), the commissioner approved the settlement, stating: "I find that substantial evidence supports the terms of the foregoing settlement, the employee knowingly waives hearing, decision, and resulting statutory benefits and the settlement is a reasonable and informed compromise of the competing interests of the parties."[3]

On appeal, Saltern asserts the district court erred when it denied her motion for partial summary judgment. She contends the defendants, in entering into the agreement for settlement, "asserted that [they] lacked a reasonable basis to deny benefits in front of the Iowa Workers' Compensation Commissioner." She further contends: "Defendants asserted that [they were] liable for 'penalty benefits' because [they] had violated Iowa Code section 86.13(4)."[4] Saltern

---

[3] Iowa Code section 85.35(8)(a) provides:

A settlement shall be approved by the workers' compensation commissioner if the parties show all of the following:

(1) Substantial evidence exists to support the terms of the settlement.

(2) Waiver of the employee's right to a hearing, decision, and statutory benefits is made knowingly by the employee.

(3) The settlement is a reasonable and informed compromise of the competing interests of the parties.

[4] Iowa Code section 86.13(4) provides:

a. If a denial, a delay in payment, or a termination of benefits occurs without reasonable or probable cause or excuse known to the employer or insurance carrier at the time of the denial, delay in payment, or termination of benefits, the workers' compensation commissioner shall award benefits in addition to those benefits payable under this chapter, or chapter 85, 85A, or 85B, up to fifty percent of the amount of benefits that were denied, delayed, or terminated without reasonable or probable cause or excuse.

b. The workers' compensation commissioner shall award benefits under this subsection if the commissioner finds both of the following facts:

(1) The employee has demonstrated a denial, delay in payment, or termination of benefits.

(2) The employer has failed to prove a reasonable or probable cause or excuse for the denial, delay in payment, or termination of benefits.

concludes those admissions judicially estop defendants in the bad-faith action from asserting they had a reasonable basis to deny or delay benefits. Consequently, she argues, the district court erred in denying her motion for partial summary judgment.

The district court's ruling did not address Saltern's judicial estoppel issue. It appears Saltern attempted to preserve the issue for appellate review by filing a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), but failed to secure a ruling on her motion before filing her notice of appeal. She therefore divested the district court of jurisdiction over the case. *See IBP, Inc. v. Al Gharib*, 604 N.W.2d 621, 628 (Iowa 2008) ("Once an appeal is perfected, the appellate court has jurisdiction. At the same time, the district court loses jurisdiction over the merits of the controversy and may not consider any posttrial motions filed after the notice of appeal." (Internal citations omitted.)). While the district court was given the opportunity to address (and preserve) Saltern's issue, Saltern took away that opportunity by filing her notice of appeal. *See id.* (stating that when the party who has filed a posttrial motion appeals before the district court rules on the motion, the party is deemed to have waived and abandoned the posttrial motion).

---

c. In order to be considered a reasonable or probable cause or excuse under paragraph "b", an excuse shall satisfy all of the following criteria:

(1) The excuse was preceded by a reasonable investigation and evaluation by the employer or insurance carrier into whether benefits were owed to the employee.

(2) The results of the reasonable investigation and evaluation were the actual basis upon which the employer or insurance carrier contemporaneously relied to deny, delay payment of, or terminate benefits.

(3) The employer or insurance carrier contemporaneously conveyed the basis for the denial, delay in payment, or termination of benefits to the employee at the time of the denial, delay, or termination of benefits.

Under such circumstances, we are presented nothing on Saltern's judicial estoppel issue for review.

### B. The Defendants' Motion for Summary Judgment.

A plaintiff must first establish the defendant objectively "had no reasonable basis for denying benefits under the policy." *Rodda*, 734 N.W.2d at 483. A defendant can disprove the first element of bad faith, by showing that a claim for benefits is objectively "fairly debatable." *Id.* Whether a claim is "fairly debatable" can usually be answered by the court as a matter of law. *Id.* A "fairly debatable" claim is one that "is open to dispute on any logical basis" or "if reasonable minds can differ on the coverage-determining facts or law." *Bellville*, 702 N.W.2d at 473. In other words, a claim is "fairly debatable" if it is open to dispute on "any logical basis." *Id.* The plaintiff in a bad-faith action must do more than show the defendant's position was unreasonable; it is incumbent upon the plaintiff to negate any reasonable basis for the defendant's position. *Id.* at 481. Moreover, even if the defendant's "position is ultimately found to lack merit [that fact] is not sufficient by itself to establish the first element of a bad faith claim." *Id.* at 483. Instead, "[t]he focus is on the existence of a debatable issue, not on which party was correct." *Id.* Thus, when considering conflicting evidence, the court should not weigh the evidence; rather it should "'decide whether evidence existed to justify denial of [a] claim.'" *Id.* at 474 (quoting *State Farm Lloyds, Inc. v. Polasek*, 847 S.W.2d 279, 285 (Tex. Ct. App. 1992)). If an objectively reasonable basis for denial of a claim actually exists, the defendant cannot be held liable for bad faith as a matter of law. *See id.* at 473-74. If a plaintiff proves the first, objective element of bad faith, the plaintiff must still show the second, subjective element—

that the defendant knew or had reason to know that it lacked a reasonable basis for denying the benefits. *Rodda*, 734 N.W.2d at 483. If a plaintiff fails to show either of these elements, the bad-faith claim will fail. *Id.* Applying these principles we find, viewing the facts in the light most favorable to Saltern, the defendants had an objectively reasonable basis for denying and delaying payment of Saltern's benefits.

The relevant law establishes that "[an] injury must arise out of the worker's employment to be compensable. This means the injury must not have coincidentally occurred while at work, but must in some way be caused by or related to the working environment or the conditions of employment." *McIlravy*, 653 N.W.2d at 331. For example, "an injury sustained while walking, without any additional evidence connecting the injury in some way to the work place environment," is not compensable. *Id.*

Saltern's petition states she slipped on ice and fell. Cynthia Hampton, Saltern's coworker and the only witness to the fall, testified at her deposition that Saltern fell because she slipped on ice. However, neither Saltern's nor Hampton's written report of the incident mentioned ice. Similarly, neither report stated how Saltern sustained her head injury. Saltern's report, completed the day after her fall, stated she and Hampton

> were walking back into [the] plant and [she] felt [her]self slipping and caught [her] left foot, trip[ped] and tried to catch [her]self by grabbing the corner of a lunch [picnic] table but [she] had too much force and fell to [her] left knee and hit the blacktop and stopping at a cement barrier.

Hampton's report, given the day of Saltern's fall, stated Saltern "lost her footing [and] started falling. [She c]aught herself on the [first] table. When she came

back up her footing wasn't right. She lost balance again, falling into the [concrete] wall that holds the [guard] rails." Saltern's account of the incident given at the hospital the day of her fall did not specifically mention ice, but she did state that "she was walking outside on break in the parking lot when she suddenly slipped and fell forward, striking her head into a concrete abutment." Later, at her deposition, Saltern herself testified she did not know what caused her head laceration.

Here, the defendants' initial investigation of the incident revealed no ice in the area where Saltern fell, and Saltern's own report did not state that she slipped on ice or that she hit her head on the cement wall when she fell. Because a fall, without more, is not per se compensable, the defendants had an objectively-reasonable basis to question whether Saltern's fall and subsequent injury was work related.[5] Additionally, at Saltern's deposition taken in 2013, she herself testified that she did not know what caused her injury, agreeing that it was possible that she hit her head on the ground when she fell. The defendants had a reasonable basis, even if ultimately determined to be wrong, to deny her benefits. Upon our review, we agree with the district court that Saltern's claim for benefits was fairly debatable as a matter of law, and therefore affirm the district court's grant of summary judgment in the defendants' favor.

---

[5] Idiopathic falls (falls due to personal conditions) onto level surfaces are generally not held compensable. *See Koehler Elec. v. Wills*, 608 N.W.2d 1, 4 (Iowa 2000); *see also* 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 9.01[4][a], at 9-7 (2013) ("A distinct majority of jurisdictions . . . have denied compensation in level-fall cases. The reason is that the basic cause of the harm is personal, and that the employment does not significantly add to the risk.").

*IV. Conclusion.*

For the above reasons, we affirm the district court's rulings on the motions for summary judgment.

**AFFIRMED.**