# IN THE COURT OF APPEALS OF IOWA

No. 14-1740
Filed September 10, 2015

**GARY F. VAN DEN BOOM,**
    Plaintiff-Appellant,

**vs.**

**CITY OF ELDORA, IOWA,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Hardin County, Timothy J. Finn, Judge.


Plaintiff appeals from an adverse grant of summary judgment in his challenge to the municipality's action.  **AFFIRMED.**


Gary F. Van Den Boom, Eldora, appellant pro se.

Michael C. Richards and Sara E. Crane of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellee.


Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Appellant Gary Van Den Boom has been trying since 2011 to prevent the City of Eldora from entering into a loan agreement for the purpose of obtaining funds to refinance certain revenue notes previously issued to pay for the construction of a community child care facility. This appeal arises out of his most recent attempt to block the municipal action.

On May 25, 2007, the Eldora City Council adopted resolution 2015 "authorizing and approving a Loan Agreement and providing for the issuance and securing the payment of $350,000 Child Care Facility Revenue Notes." The resolution "determined that the City shall enter into the Loan Agreement with the United States of America acting through the U.S. Department of Agriculture— Rural Development" to finance the community child care facility. The revenue notes provided they were "payable solely and only from the Net Revenues to be derived from the [child care facility] and the Sinking Fund" and "shall not be general obligations of the City, nor payable in any manner by taxation, and under no circumstance shall the City be liable" if the revenue from the child care facility failed to be sufficient to pay the principal and interest on the notes.

The revenue from the child care center was insufficient to pay the principal and interest on the notes. *See Van Den Boom v. City of Eldora*, No. 12-0758, 2013 WL 988632, at *1 (Iowa Ct. App. March 13, 2013). In November 2011, the City provided notice of a hearing on the issue of whether the City should enter into a general fund loan agreement under Iowa Code section 384.24A (2011) for the purpose of obtaining funds to retire the revenue notes and refinance the

obligation. Following a hearing on November 28, during which the City heard objections, including those from Van Den Boom, the City adopted resolutions 2381 and 2382 on December 5. Resolution 2381 provided, in relevant part:

> The City Council hereby determines to enter into the Loan Agreement in the future and orders that bonds or notes be issued at such time, in evidence thereof. The City Council further declares that this resolution constitutes the "additional action" required by Section 384.24A of the Code of Iowa.

Resolution 2382 provided, in relevant part:

> The City hereby determines to enter into the Loan Agreement with Hardin County Savings Bank, Eldora, Iowa, as lender . . . , providing for a loan to the City in the principal amount of $340,000 for the purpose set forth in the preamble hereof. ("for the purpose of paying the cost . . . of refinancing the construction of the City's Child Care Facility").

On January 3, 2012, Van Den Boom filed a petition to enjoin the City from taking action pursuant to resolution 2382. The City moved for summary judgment, which the district court granted due to Van Den Boom's failure to file his challenge within the statutorily-required fifteen-day period. *See* Iowa Code § 384.25(2) ("Any resident or property owner of the city may appeal the decision of the council to take additional action to the district court . . . within fifteen days after the additional action is taken, but the additional action of the council is final and conclusive unless the court finds the council exceeded its authority."). Van Den Boom unsuccessfully appealed the district court's grant of summary judgment. *See Van Den Boom*, 2013 WL 988632, at *5.

While the prior challenge and appeal were pending, Hardin County Savings Bank withdrew its loan offer, which was the subject of resolution 2382, leaving the City with no lender. On June 3, 2013, the City adopted resolution

2521. Resolution 2521 provided the City "determines to enter into the Loan Agreement with Green Belt Bank & Trust, Eldora, Iowa" "to make provision for the redemption of the 2007 Notes." Resolution 2521 is materially the same as resolution 2382 with the exception that the new resolution identified a different lender. The new resolution was adopted without notice or hearing.

On June 17, Van Den Boom filed his petition for writ of certiorari and for temporary and permanent injunctions, challenging the City's action in resolution 2521. The City moved for summary judgment, contending Van Den Boom's claims were time barred and failed on the merits. The district court sustained the City's motion. The district court determined resolution 2381, and not resolution 2521, was the "additional action" triggering the fifteen-day limitation period. *See* Iowa Code § 384.25(2) (2013) (cutting off challenges to a city's "additional action" after fifteen days). Van Den Boom's June 17, 2013 petition for writ of certiorari was thus not timely filed within fifteen days of December 5, 2011, when resolution 2381 was adopted.

We review the district court's ruling on summary judgment for the correction of errors of law. *See Veatch v. City of Waverly*, 858 N.W.2d 1, 6 (Iowa 2015). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "In assessing whether summary judgment is warranted, we view the entire record in a light most favorable to the nonmoving party." *See Crippen v.*

*City of Cedar Rapids*, 618 N.W.2d 562, 565 (Iowa 2000). The nonmoving party is entitled to "every legitimate inference that the evidence will bear in an effort to ascertain the existence of a fact question." *Id.* To the extent our review "involves the interpretation of a statutory provision . . . , our review is for correction of errors at law." *Jones v. State Farm Mut. Auto. Ins. Co.*, 760 N.W.2d 186, 188 (Iowa 2008).

As in Van Den Boom's prior case, the narrow issue before the court is whether his petition was timely filed. Iowa Code section 384.24A provides a city "may enter into loan agreements to borrow money for any public purpose." For a city the size of Eldora seeking to borrow $400,000 or less, the city council "must follow substantially the authorization procedures of section 384.25 to authorize a loan agreement for real property which is payable from the general fund." *See* Iowa Code § 384.24A(4)(a). Section 384.25(2) requires notice of the proposed action, reception of oral or written objections at the meeting, and then "the council may, at that meeting or any adjournment thereof, take additional action for the issuance of the bonds or abandon the proposal." Section 384.25(2) also provides that any "resident or property owner of the city may appeal the decision of the council to take additional action to the district court . . . within fifteen days after the additional action is taken." In the prior proceeding before this court, we concluded the fifteen-day limitation period applied to the City's action. *See Van Den Boom*, 2013 WL 988632, at *4 ("Resolution 2382 was for a general fund loan agreement; an appeal from the City's action is governed by the fifteen-day

statute of limitations in section 384.25(2).").  We do not disturb that prior conclusion.

Like the district court, we conclude the latter resolution merely identifying a different lender is not an "additional action" requiring formal notice and triggering a new challenge period.  *See Stansfield v. Polk Cnty.*, 492 N.W.2d 648 (Iowa 1992) ("It appears the legislature intended to provide a means to adding finality to contract negotiations in a relatively short time so that parties could proceed with the business at hand.  This allows a taxpayer an opportunity to challenge the legality of the action, but closes the door when no challenge is made.  This certainty should contribute to the economic considerations involved in the negotiations.  To allow plaintiffs to open the door two years later, not only would fly in the face of the statute, but also would set off a chain of litigation, uncertainty and chaos well beyond the present action."); *Van Den Boom*, 2013 WL 988632, at *4-5.  Before the City adopted resolution 2381 in December 2011, it provided the requisite notice and held a meeting at which it received objections.  The resolution expressly stated it constituted the "additional action" contemplated by the statute.  The substance of resolution 2381 was the City's intent to incur an obligation not to exceed a certain sum for the purpose of refinancing or redeeming the revenue notes, said obligation payable from the general fund. Resolution 2381 did not identify the specific lender.  The lender was identified in resolution 2382, which merely implemented the "additional action" approved in resolution 2381.  Similarly, resolution 2521 identified a different lender, which merely implemented the "additional action" approved in resolution 2381.

We also conclude the timeliness issue is immaterial. The code provides "the additional action of the council is final and conclusive unless the court finds that the council exceeded its authority." Iowa Code § 384.25(2). In Van Den Boom's prior challenge to the City's action, we concluded the City had the legal authority to pursue the challenged action. *See Van Den Boom*, 2013 WL 988632, at *2 ("The City argues that its actions were for a public purpose, and were authorized by Iowa Code section 384.24A, which provides for general fund loan agreements for any public purpose. We agree."). Thus, even if Van Den Boom's present petition were timely filed, it is without merit.

We have considered the parties' respective arguments, whether or not explicitly discussed herein. We deny the City's motion to strike portions of the appendix. For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**